**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Wilbert ANDERSON,**
**Defendant-Appellant.**

**No. 75–3967**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 12, 1976.

---

* Rule 18, 5 Cir.; *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Defendant, Wilbert Anderson, tried for assault with intent to commit murder within the "territorial jurisdiction of the United States" in violation of 18 U.S.C.A. § 113(a), was found guilty of the lesser included offense of assault with intent to do bodily harm. 18 U.S.C.A. § 113(c). On appeal he raises the following four points: (1) whether the district court erred in taking judicial notice of the fact that the alleged offense occurred on United States government property resulting in a denial of a motion for acquittal based on absence of proof of this element of the crime; (2) error in instructing the jury regarding judicial notice; (3) improper comment on defendant's failure to testify by the Assistant United States Attorney in closing argument; and (4) whether the district court so hurried the trial as to remove itself from its role of impartiality and create an impression of guilt in the minds of the jury.

■ 18 U.S.C.A. § 113 proscribes assault "within the special maritime and territorial jurisdiction of the United States." The prosecutor proved that the assault took place at the Federal Correctional Institution in Tallahassee, Florida. The judge took judicial notice

> ". . . that the Federal Correctional Institution at Tallahassee, Florida, is within the special territorial jurisdiction of the United States on lands acquired and reserved for the use of the United States and under the exclusive jurisdiction thereof."

Rule 201(b) of the Federal Rules of Evidence provides that a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination

Elwin R. Thrasher, Jr. (Court-appointed), Tallahassee, Fla., for defendant-appellant.

Clinton Ashmore, U. S. Atty., Stewart J. Carrouth, Asst. U. S. Atty., Tallahassee, Fla., for plaintiff-appellee.

by resort to sources whose accuracy cannot reasonably be questioned. The fact so noticed by the court as set out above is clearly within the scope of Section 201, and thus does not constitute error.

■ Rule 201(g) provides ". . . the jury may, but is not required to, accept as conclusive any fact judicially noticed." The trial judge instructed the jury, ". . . you may and are allowed to accept that as fact proven before you just as though there had been evidence to that effect before you." The court did not tell the jury in the words of the rule that the jury "may, but is not required to, accept as conclusive any fact judicially noticed." Such variance from the rule is not reversible error. Defense counsel did not object. By analogizing the judicial notice to evidence, the jury under the general instructions was free to treat the matter as it would other evidence.

■ Although defendant contends that certain remarks of the prosecutor reflected on defendant's failure to testify, we find the prosecutorial remarks to be well within the guideline of *United States v. Driscoll*, 454 F.2d 793 (5th Cir. 1972). *See also United States v. Assenza, Kalasinski and McGrath*, 477 F.2d 595 (5th Cir. 1973); *United States v. Goodwin*, 470 F.2d 893 (5th Cir. 1972), *cert. denied*, 411 U.S. 969, 93 S.Ct. 2160, 36 L.Ed.2d 691 (1973); *Sikes v. United States*, 279 F.2d 561 (5th Cir. 1960).

■ Defendant's final point on appeal, "whether the district court so hurried the trial along as to remove itself from the role of impartiality and create an impression of guilt in the minds of the jury," is without merit. Taking in context the several comments of the judge referred to in the defendant's brief, it does not appear that the court was doing anything more than shepherding along an uncomplicated trial of fairly basic issues and shows only judicial economy rather than prejudicial judicial intervention. *But cf. United States v. Diharce-Estrada*, 526 F.2d 637 (5 Cir. 1976).

Affirmed.