UNITED STATES of America,
Plaintiff-Appellee,
v.
Clifton Cecil PIGGIE,
Defendant-Appellant.

No. 79–1001.

United States Court of Appeals,
Tenth Circuit.

Submitted April 21, 1980.

Decided May 21, 1980.

James P. Buchele, U. S. Atty., and Roger M. Theis, Asst. U. S. Atty., Topeka, Kan., for plaintiff-appellee.

Leonard D. Munker, Federal Public Defender and David J. Phillips, Asst. Federal Public Defender, Kansas City, Kan., for defendant-appellant.

Before BARRETT, DOYLE and McKAY, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R. App. P. 34(a); 10th Cir. R. 10(e). The cause is therefore ordered submitted without oral argument.

The defendant was charged with the crime of sodomy pursuant to 18 U.S.C. §§ 2, 7 and 13. The offenses were incorporated in accordance with the law of Kansas where the alleged offenses took place, the particular crimes being defined in 21 K.S.A. § 3506.

Counts I and II charged that on or about the 26th day of April, 1978, within the special maritime and territorial jurisdiction of the United States and in the District of Kansas, the defendant with force or threat of force committed sodomy on the person of Harley Wilmer Catlow. Count III alleged that on the 1st day of May, 1978, the defendant did, within the special maritime and territorial jurisdiction of the United States and in the District of Kansas, with force or threat of force commit sodomy on the person of William Paul Gullett, all in violation of the Kansas statute cited above and 18 U.S.C. §§ 2, 7 and 13. The fourth count was similar. It stated that on the 1st day of May, 1978, within the jurisdiction of the United States and in the District of Kansas, the defendant committed the same offense in violation of the Kansas statute cited above and the United States Code sections.[1]

The jury returned verdicts of guilty as to simple sodomy in Count I and aggravated sodomy with force or threats in each of the other counts.

The record reveals, from the testimony of the alleged victims, the details of the acts in question. The case is extraordinary in that both Catlow and Gullett actually testified to the acts. Other inmates and physicians also testified to other facts. Details of their testimony are not seriously challenged, and thus it is unnecessary to detail the facts. Defendant's contention was that neither force nor threats were used; that the victims consented.

The defendant's contention in this court is that the trial court erred in not instructing the jury that it might, but was not required to, accept as conclusive the court's having judicially noticed that the United States Penitentiary in Leavenworth is an area of special maritime and territorial jurisdiction of the United States.

The complaint here (on this appeal) is that the government failed to offer testimony establishing the location of the Federal Penitentiary as being within the federal maritime and territorial jurisdiction of the United States. The government asked the court to take judicial notice of the fact that the penitentiary was within the special maritime and territorial jurisdiction of the United States and in the District of Kansas. The court did so over the objection of defense counsel. At the same time, so it is contended, the court compounded the error by failing to read to the jury Fed.R.Evid.

1. 18 U.S.C. § 13 provides for adoption of the laws of the States for areas within federal jurisdiction where, as in this case, a person "is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situate, by the laws thereof in force at the time of such act or omission."

201(g), which provides in pertinent part: "In a criminal case, the court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed." The jury was properly instructed that the court had taken judicial notice of the fact in question. *United States v. Blunt*, 558 F.2d 1245 (6th Cir. 1977); *United States v. Carter*, 430 F.2d 1278 (10th Cir. 1970). The argument from this is that the jury was not allowed to determine the issue as to the location of the penitentiary as a question of fact in accordance with the statute. The defendant, so it is argued, is therefore deprived of an important part of his jury trial.

Considering the mandatory form of the statute, the contention gives some pause and also gives rise to a careful screening of the transcript of testimony. From this latter, we conclude that there is ample evidence in the record which allowed the jury to make the determination as an issue of fact and hence the failure of the court to give the instruction did not create prejudice.

Geography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial and thus it is within the general definition contained in Fed.R.Evid. 201(b), which provides:

> A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

There exists another reason for nonacceptance of the defendant's position and that is the instruction based upon Rule 201(g) requiring the giving of the instruction which says that the jury "may, but is not required to, accept as conclusive any fact judicially noticed." There is no longer any question raised as to the Leavenworth penitentiary being within the territorial jurisdiction of the trial court. Now the argument raised is that the defendant was deprived of his right to a jury trial contrary to the Constitution of the United States. While we do not wish to criticize the Public Defender for raising the question, particularly in view of the fact that this is all he has, we cannot bring ourselves to give effect to it. To do so would be an exercise in the absurd.

There are other reasons. The request for the instruction which the defendant now claims to be a substantial violation of his rights was not even raised in the trial court, and Fed.R.Crim.P. 52 requires that there be a request at the trial level in order for the court to consider it on appeal. This subsection of Rule 52 provides as follows: "(b) Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." A general objection does not, of course, suffice. In order to look at it on appeal, it must appear that the matter was serious. *See United States v. Harper*, 579 F.2d 1235 (10th Cir. 1978); *Lowther v. United States*, 455 F.2d 657 (10th Cir. 1972).

As to prejudice, it seems unlikely, in view of the record, and particularly the transcript of testimony, that the jury might have acquitted the defendant had the instruction been given, whereby it would have known that it was not bound by the court's taking judicial notice. Therefore, prejudice is not demonstrated.

The evidence establishing guilt is not merely sufficient, it is overwhelming. Also, the transcript reveals that there is ample evidence in support of the conclusion that Leavenworth is in fact within the United States and the State of Kansas.*

The judgment is affirmed.

## APPENDIX

The record is replete with evidence and references regarding the location and federal nature of the United States Penitentiary at Leavenworth, Kansas.

---

* Appended hereto is a further discussion and additional authority.

The court, in taking judicial notice, instructed the jury as follows: "The Court takes judicial notice that the United States Penitentiary, Leavenworth, Kansas, is an area of special maritime and territorial jurisdiction of the United States. . . ." The court, it will be noted, did not specify what effect the jury should give to this fact. In a later instruction, however, it said: "You are the exclusive judges of the facts proved, the weight of the evidence, and the credibility of the witnesses . . ." (No. 11.) Still another instruction said: "Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated. . . ."

"You are to consider only the evidence in the case. . . ." (No. 16.)

There are also instructions which touched on the federal character of the Leavenworth facility. Number 13 stated that no presumption arises from the fact that the defendant is presently a prisoner in the federal penitentiary. Number 14 noted that some of the witnesses were shown to be inmates of the federal penitentiary, whose testimony should be weighed and given such credit as that of any other witness. Inasmuch as there was a failure to object to these two instructions, it can be concluded that there was an acceptance by counsel that the fact of the penitentiary at Leavenworth being federal was accepted by defendant through counsel. *Cf. United States v. Thomas,* 610 F.2d 1166, 1172 (3rd Cir. 1979).

Along the same line, there was testimony from many witnesses that they were employed by, or inmates in the federal penitentiary at Leavenworth, Kansas. These statements at least support the fact which had been judicially noticed.

The cases are reluctant to vacate a verdict, even though the issue is one of constitutional dimension where, as here, the error was harmless beyond a reasonable doubt.

*Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

In *United States v. Anderson,* 528 F.2d 590 (5th Cir. 1976), the Fifth Circuit considered the question before us—the failure to give an instruction telling the jury that they were not bound to accept the fact noticed by the judge. However, there the trial court had instructed the jury that "you may and are allowed to accept that [the fact that it had been judicially noticed that a federal penitentiary was within the special territorial jurisdiction of the United States] as fact proven before you just as though there had been evidence to that effect before you." The instruction failed to include the words of the rule that the jury "may, but is not required to, accept as conclusive any fact judicially noticed." The Fifth Circuit held that "[s]uch variance from the Rule is not reversible error" since the jury was free to treat the matter as it might other evidence in the case. From the record in this case it can be concluded that there exists less possibility of prejudice from failing to tell the jury that the taking of judicial notice has no evidentiary value whatsoever. The effect of the instructions in our case, considered as a whole, left the jury free to make its determination.

Professor Moore has also commented on the issue with which we are dealing. He states:

With deference the [Rule as it emerged from Congress] is irrational. Actual application of the Congressional version makes fools of the judge, the law and the jury. If for example, the facts warrant a finding that a woman was taken by the defendant for immoral purposes from Newark, New Jersey, to New York City, New York, the judge under the Court's Rule would by a proper instruction leave that issue to the jury, while further instructing them that such a journey would constitute a crossing of state lines. The Congressional rule, intended to preserve the power of the jury, required him to instruct the jury that it "may, but is not required to accept" the proposition that to go from Newark to New York is to

cross state lines. Under the Court's rule the jury would still have the power to acquit the defendant though the evidence warranted a judgment of conviction—but on the ground of mercy and not under an instruction permitting it to find that Newark is not really in New Jersey but is a New York suburb of "fun city," and that, after all, state lines were not crossed.

Under the Congressional rule, in the morning when the judge tries a civil case the world is round. That afternoon when he tries a criminal case the world is flat.

10 *Moore's Federal Practice* § 201.70.

It cannot be denied that the automatic application of Fed.R.Evid. 201(g) is capable of producing an unjust and illogical result and because of this the courts are loath to meet this provision headon. *Cf. United States v. Jones*, 580 F.2d 219, 224 (6th Cir. 1978); *United States v. Thomas, supra. See also Government of the Canal Zone v. Burjan*, 596 F.2d 690 (5th Cir. 1979).

The reasoning that was employed in *United States v. Anderson, supra*, is a reasonable approach to this issue. The factors which are set forth in the opinion for differentiating the necessity for the application of the rule here are also fully justifiable.