**UNITED STATES of America, Appellant,**

v.

**John HEMPHILL, Appellee.**

**No. 76–1484.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 11, 1976.

Decided Nov. 8, 1976.

Rehearing and Rehearing En Banc Denied Dec. 28, 1976.

Terry I. Adelman, Asst. U. S. Atty., St. Louis, Mo., for appellant; Barry A. Short, U. S. Atty., St. Louis, Mo., on the briefs.

Margaret Bush Wilson, St. Louis, Mo., for appellee.

Before LAY, ROSS and HENLEY, Circuit Judges.

HENLEY, Circuit Judge. .

On December 23, 1975 John Hemphill, a St. Louis, Missouri business man, was indicted by the federal grand jury for the Eastern District of Missouri on twelve charges of having violated § 7215(a) of the Internal Revenue Code (26 U.S.C.). The charges were that with respect to twelve separate weekly pay periods extending from May 9, 1975 through July 25, 1975 the defendant, an employer of labor, unlawfully failed to pay over into a special trust account in a bank withholdings from the wages of employees of Hemphill Contracting Co. for federal income and F.I.C. taxes within two banking days after the payments of wages, after having been required so to establish such an account and make payments into it by a notice duly served on him on May 1, 1975 pursuant to the provisions of § 7512 of the IRC.[1]

The defendant pleaded not guilty and was tried before a jury in February, 1976. At the close of the government's case the defendant filed a written motion for judgment of acquittal pursuant to Fed.R.Crim.P. 29(a). That motion was denied. The motion was renewed in writing at the conclusion of all of the evidence, and ruling on it was reserved. The case was submitted to the jury on instructions to which neither side objected, and the jury found the defendant guilty on all twelve counts of the indictment.

Thereafter the defendant filed a written motion for a judgment of acquittal notwithstanding the verdict, or, alternatively, for a new trial. Fed.R.Crim.P. 29(c). That motion was briefed thoroughly by both sides.

On May 10, 1976 the district court granted the motion at the conclusion of proceedings conducted in open court. In the course of the proceedings the district court discussed briefly the reasons for the action taken. A formal order granting the motion was duly entered, and from that order the government appeals.

The jurisdiction of this court to entertain the appeal is no longer challenged by the defendant, and we consider that our jurisdiction is established. 18 U.S.C. § 3731; *United States v. Donahue*, 539 F.2d 1131 (8th Cir. 1976); *United States v. Lasater*, 535 F.2d 1041 (8th Cir. 1976).

For reversal, the government argues that it made a submissible case, that the issues were submitted to the jury on instructions more favorable than the defendant had a right to expect, that the district court erred in setting aside the jury's verdict, and that the case should be remanded to the district court with directions to reinstate the verdict and enter judgment thereon.

For affirmance or for a dismissal of the appeal, the defendant contends that the government did not make a case sufficient to go to the jury. The defendant also contends that in its dealings with the defendant the Internal Revenue Service was guilty of such misconduct that the entry of a judgment of acquittal was appropriate.

The facts in the case are somewhat complicated, and to state them in detail would prolong this opinion unduly in relation to the questions ultimately presented by the appeal.

In our recent opinion in *United States v. Paulton*, 540 F.2d 886 (8th Cir. 1976), we discussed §§ 7215 and 7512 in some detail, and no useful purpose would be served by repeating that discussion here.

It was incumbent upon the government to prove by the evidence and beyond a reasonable doubt: (1) That during 1974 and 1975 the defendant was an "employer of

---

1. Section 7215(a) makes it a misdemeanor for an employer to fail to comply with the requirements of § 7512. Each violation of § 7215(a) is punishable by a fine of not more than $1,000.00 or by imprisonment for not more than one year, or by both such fine and imprisonment.

labor," within the meaning of the IRC and pertinent regulations. (2) That prior to May 1, 1975 the defendant had failed properly to account for and pay over to the government withholdings of wages from the employees of Hemphill. (3) That on May 1, 1975 the defendant was served with the statutory notice prescribed by § 7512(a). (4) That the defendant unlawfully failed to comply with the notice with respect to the respective pay periods mentioned in the indictment.

The case was submitted to the jury on instructions which were perhaps more favorable to the defendant than he had a right to expect, but we observe that the government did not object to the instructions. As indicated, the jury found the defendant guilty on all counts of the indictment.

In passing upon the defendant's post-trial motion for judgment of acquittal notwithstanding the jury's verdict, it was not the prerogative of the district court to resolve conflicts in the testimony, or to pass upon the credibility of witnesses or the weight to be given their testimony; those were jury functions; and the district court was not at liberty to set aside the verdict of the jury simply because the trial judge may have thought that the jury reached the wrong result. The district court was required, and we are required, to view the evidence in the light most favorable to the government, and to give to the government the benefit of all favorable inferences reasonably to be drawn from the evidence. And if the verdict of the jury was sustained by substantial evidence, it should not have been set aside by the district court on factual grounds. See United States v. McColgin, 535 F.2d 471, 473 (8th Cir. 1976); United States v. Wisdom, 534 F.2d 1306, 1309 (8th Cir. 1976); Moore v. United States, 375 F.2d 877, 879 (8th Cir.), cert. denied, 389 U.S. 844, 88 S.Ct. 92, 19 L.Ed.2d 110 (1967).

We have given careful consideration to the record in the case which consists of the testimony of a number of witnesses, including the defendant, and numerous documentary exhibits.

We find that the case was a sharply contested one, and under the instructions of the district court the jury might well have acquitted the defendant. However, the jury was not required to accept the testimony of the defendant, or to accept his theory of the case. We are satisfied that the district court correctly submitted the case to the jury in the first instance, and that the verdict was sustained by substantial evidence and was a permissible one.

We observe that the theory of the defense was based primarily on certain dealings between the defendant and Internal Revenue Officer Robert L. Moore which dealings involved the Hemphill Contracting Co. and a defunct corporation, Hempbrook Contracting Co., in which the defendant had been a stockholder. Delinquent withholding taxes owed by Hempbrook had been assessed against the defendant personally and over a period of time the defendant paid over to Moore out of Hemphill funds money that Moore applied to the defendant's personal Hempbrook obligation. The defendant contended at trial that those payments should have been applied so as to maintain in a current status the obligations of Hemphill, and he contended further that his dealings with Moore both before and after the § 7512 notice was served justified him in not complying with the notice. Defendant's testimony in support of those contentions was contradicted by the testimony of Moore. Additionally, Special Agent Wicker of the Intelligence Division of the Internal Revenue Service testified that the defendant had admitted to him that defendant had not opened the special account because defendant knew that after payments of wages Hemphill would not have funds sufficient to make proper payments into the account. The defendant denied that he made any such admission.

We think that the theory of the defense raised at most a legitimate jury question; defendant's theory was submitted to the jury, and the jury rejected it.

We have also considered the claim of the defendant that the conduct of Moore was so

outrageous that the district court in the exercise of its supervisory powers over the administration of criminal justice was justified in entering a judgment of acquittal notwithstanding the jury's verdict. *See Hampton v. United States*, 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976); *United States v. Russell*, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); *Anderson v. United States*, 318 U.S. 350, 63 S.Ct. 599, 87 L.Ed. 829 (1943); *McNabb v. United States*, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943); *United States v. Robinson*, 539 F.2d 1181 (8th Cir. 1976); *United States v. Reifsteck*, 535 F.2d 1030 (8th Cir. 1976); *see also* the concurring opinion of Circuit Judge Brown in *Williamson v. United States*, 311 F.2d 441, 445 (5th Cir. 1962).

Assuming without deciding that the conduct of Moore and perhaps the conduct of other IRS personnel may have been open to some criticism, we are convinced that neither Moore nor any other government agent involved in the case was guilty of such misconduct as to justify the action taken by the district court.

Accordingly, we reverse the judgment or order of the district court and remand the case with directions that the verdict be reinstated and judgment, including an appropriate sentence, entered thereon.