UNITED STATES of America, Plaintiff-Appellee,

v.

Thomas E. BLUNT, Defendant-Appellant.

No. 77–5050.

United States Court of Appeals, Sixth Circuit.

Argued June 13, 1977.

Decided and Filed July 25, 1977.

Robert W. Willmott, Jr., Lexington, Ky., Court-appointed—CJA, for defendant-appellant.

Eldon L. Webb, U. S. Atty., Robert F. Trevey, Asst. U. S. Atty., Lexington, Ky., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, ENGEL, Circuit Judge, and FREEMAN, Senior District Judge.*

PER CURIAM.

Appellant Blunt was convicted of assault with a deadly weapon with the intent to do bodily harm in violation of 18 U.S.C.

§ 113(c). The assault occurred within the confines of the Federal Correctional Institution at Lexington, Kentucky. Blunt's sole question on appeal is whether the government adequately proved the jurisdictional predicate of § 113; that is, whether the Federal Correctional Institution is within the "special maritime and territorial jurisdiction of the United States" as defined in 18 U.S.C. § 7.

Section 7(3) of Title 18 states:

The term 'special maritime and territorial jurisdiction of the United States', as used in this title, includes: . . . (3) Any lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof, or any place purchased or otherwise acquired by the United States by consent of the legislature of the State in which the same shall be, for the erection of a fort, magazine, arsenal, dockyard, or other needful building.

Blunt argues that the testimony of the facility manager of the Federal Correctional Institution was incompetent to establish federal ownership of the property comprising the Institution. Specifically, Blunt argues that the federal government had transferred approximately half of the acreage it had owned to Fayette County, Kentucky for the establishment of state parks. Because the facility manager did not possess personal knowledge of the deeds transferring ownership of the land, Blunt concludes that the government did not adequately prove that the land retained by the United States was that portion upon which the assault occurred. The facility manager did, however, testify that no part of the Federal Correctional Institution had been conveyed.

We reject the implicit premise advanced by appellant that the government is required to show a chain of title for a federal prison to establish the territorial jurisdiction of the United States. Rather

* Honorable Ralph M. Freeman, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

the controlling test is "one of practical usage and dominion exercised over the . . . federal establishment by the United States government." *United States v. Erdos*, 474 F.2d 157, 159 (4th Cir. 1973), *cert. denied*, 414 U.S. 876, 94 S.Ct. 42, 38 L.Ed.2d 122. It is undisputed that the assault occurred within the federal prison itself. The district court would have been correct in taking judicial notice under Rule 201, Federal Rules of Evidence, of the fact that the Institution was within the territorial jurisdiction of the United States. *United States v. Benson*, 495 F.2d 475, 482 (5th Cir. 1974), *cert. denied*, 419 U.S. 1035, 95 S.Ct. 519, 42 L.Ed.2d 310; *United States v. Carter*, 430 F.2d 1278, 1280 (10th Cir. 1970).

Affirmed.