**UNITED STATES of America, Plaintiff-Appellant,**

v.

**William Allen JONES, Jr., Defendant-Appellee.**

**No. 77–5269.**

United States Court of Appeals, Sixth Circuit.

Argued April 4, 1978.

Decided July 31, 1978.

Rehearing Denied Sept. 29, 1978.

---

John H. Cary, Jr., U. S. Atty., Ray H. Ledford, Asst. U. S. Atty., Chattanooga, Tenn., Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff-appellant.

H. H. Gearinger, Chattanooga, Tenn., for defendant-appellee.

Before CELEBREZZE, LIVELY and ENGEL, Circuit Judges.

ENGEL, Circuit Judge.

Appellee William Allen Jones, Jr. was convicted by a district court jury of illegally intercepting telephone conversations of his estranged wife and of using the contents of the intercepted communications, in violation of 18 U.S.C. §§ 2511(1)(a) and (d) (1976).[1] The proofs at trial showed only that the telephone which Jones had tapped was furnished by South Central Bell Telephone Company. Other than this fact, the government offered no evidence to show that South Central Bell was at the time a "person engaged as a common carrier in providing or operating . . . facilities for the transmission of interstate or foreign communications." 18 U.S.C. § 2510(1). *See also* 18 U.S.C. § 2510(10) and 47 U.S.C. § 153(h), defining common carrier.

Following the jury verdict of guilty on three of the five counts of the indictment, Jones' counsel moved the court for a new trial on the ground that the government had altogether failed to prove that the wire communication which the defendant tapped came within the definition of Section 2510. Upon a careful review of the evidence, United States District Judge Frank Wilson agreed and entered a judgment of acquittal.[2] The government has appealed.[3]

---

1. Prior to trial, the district court had granted Jones' motion to dismiss the indictment, concluding that Section 2511 did not criminalize interspousal wiretaps placed on telephones in the marital home. We reversed, holding that we could not create judicially an interspousal immunity which Congress itself had not chosen to recognize. *United States v. Jones,* 542 F.2d 661 (6th Cir. 1976). Accordingly, the dismissal was vacated and the cause remanded to the district court for trial.

2. Although Jones' counsel challenged the sufficiency of the government's proof in a motion for new trial, the district court expressly ruled upon it as a motion for judgment of acquittal. After the Supreme Court's decision in *Burks v. United States,* —— U.S. ——, 98 S.Ct. 2141, 57

L.Ed.2d 1 (1978), it is immaterial that counsel selected a motion for new trial as the vehicle for disputing the sufficiency of the evidence. *Id.* at ——, 98 S.Ct. 2141. Where the evidence is in fact insufficient, the only just remedy is a judgment of acquittal, however the issue is brought to the court's attention.

3. Jones' suggestion that we lack jurisdiction to entertain the government's appeal is without merit. Where the jury returns a verdict of guilty, but the trial court thereafter enters a judgment of acquittal for insufficiency of the evidence, the government may appeal, and reinstatement of the jury verdict thereafter would not offend the Double Jeopardy Clause. *Burks v. United States, supra,* —— U.S. at ——, 98 S.Ct. 2141; *United States v. Martin Linen*

■ It is not seriously disputed that an essential element of the crimes charged, and one which the government was obligated to prove beyond a reasonable doubt, was that the conversation which was tapped was a "wire communication" as defined in the Act. Instead, the issue is whether the abbreviated proof offered by the government was minimally sufficient for the *prima facie* case which the government was obligated to place before the jury. In other words, was the proof that the tapped telephone was installed and furnished by "South Central Bell Telephone Company," without more, sufficient to enable the jury to find as a matter of fact that South Central Bell was a common carrier which provided facilities for the transmission of interstate or foreign communications? The government contends that, construing that evidence in the light most favorable to it, these facts could be permissibly inferred by the jury without any other proof.

The government's argument is essentially twofold. First, it urges that South Central Bell's status may reasonably be characterized as a fact within the common knowledge of the jury and that no further record evidence was necessary. Failing that, the government urges that such a fact is the proper subject of judicial notice which may be taken at any stage of the proceeding, including appeal, under Federal Rule of Evidence 201(f).

■ The government's first argument finds some support in Wigmore. 9 Wigmore on Evidence § 2570 at 542–43 (3d ed. 1940). Similarly, the legislative history of the Federal Rules of Evidence indicates that, even in criminal cases, "matters falling within the common fund of information supposed to be possessed by jurors need not be proved." Advisory Committee Note to Federal Rule of Evidence 201(g) (1969 draft), *quoted,* 1 Weinstein's Evidence 201–2 (1977). As that Note further indicates, however, such matters "are not, properly speaking, adjudicative facts but an aspect of legal reasoning." *Id.* Thus, while the jury may properly rely upon its own knowledge and experience in evaluating evidence and drawing inferences from that evidence,[4] there must be sufficient record evidence to permit the jury to consult its general knowledge in deciding the existence of the fact.

■ While Wigmore notes that "[t]he range of [a jury's] general knowledge is not precisely definable," *Wigmore, supra,* § 2570 at 546, "the scope of this doctrine is narrow; it is strictly limited to a few matters of elemental experience in human nature, commercial affairs, and everyday life." *Id.* at 544. This category of fact is not so much a matter of noticing facts outside the record as it is a matter of the communication value of the words used, which can only be understood in the light of the common experience of those who employ them. *See generally* K. Davis, Administrative Law Text § 15.06 at 305 (3d ed. 1972).

■ While the issue is not without difficulty, we are satisfied that South Central Bell's status as a "common carrier . . . providing . . . facilities for the transmission of interstate . . . communications" is a fact which, if to be established

Supply Co., 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977); *United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975); *United States v. Jenkins,* 420 U.S. 358, 95 S.Ct. 1006, 43 L.Ed.2d 250 (1975); *United States v. Cahalane,* 560 F.2d 601, 603 n. 2 (3d Cir. 1977); *United States v. Allison,* 555 F.2d 1385, 1386–87 (7th Cir. 1977); *United States v. Ramos,* 558 F.2d 545, 546 (9th Cir. 1977); *United States v. Calloway,* 562 F.2d 615, 616–17 (10th Cir. 1977); *United States v. Burroughs,* 537 F.2d 1156, 1157 (4th Cir. 1976); *United*

*States v. Cravero,* 530 F.2d 666, 669 (5th Cir. 1976); *United States v. Hemphill,* 544 F.2d 341, 343 (8th Cir. 1976), *cert. denied,* 430 U.S. 967, 97 S.Ct. 1648, 52 L.Ed.2d 358 (1977); *United States v. DeGarces,* 518 F.2d 1156, 1159 (2d Cir. 1975).

4. *See, e. g., Turner v. United States,* 396 U.S. 398, 407, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970); *Schaefer v. United States,* 251 U.S. 466, 471–73, 40 S.Ct. 259, 64 L.Ed. 360 (1920); 9 Wigmore, *supra,* § 2570 at 544–46.

without direct or circumstantial proof,[5] must be governed by the judicial notice provisions of the Federal Rules of Evidence.[6]

■ The government did not at any time during the jury trial specifically request the district court to take judicial notice of the status of South Central Bell. Nevertheless, it relies upon the provisions of Rule 201(f) which state that "[j]udicial notice may be taken at any stage of the proceeding." It is true that the Advisory Committee Note to 201(f) indicates that judicial notice is appropriate "in the trial court *or on appeal.*" (Emphasis added). *See* 1 Weinstein's Evidence ¶ 201[06] (1976). It is also true that the language of 201(f) does not distinguish between judicial notice in civil or criminal cases.[7] There is, however, a critical difference in the manner in which the judicially noticed fact is to be submitted to the jury in civil and criminal proceedings:

> Instructing jury. In a civil action or proceeding, the court shall instruct the jury to accept as conclusive any fact judicially noticed. In a criminal case, the court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed.

Fed.R.Evid. 201(g). Thus under subsection (g) judicial notice of a fact in a civil case is conclusive while in a criminal trial the jury is not bound to accept the judicially noticed fact and may disregard it if it so chooses.

■ It is apparent from the legislative history that the congressional choice of language in Rule 201 was deliberate. In adopting the present language, Congress rejected a draft of subsection (g) proposed by the Supreme Court, which read:

> The judge shall instruct the jury to accept as established any facts judicially noticed.

The House Report explained its reason for the change:

> Rule 201(g) as received from the Supreme Court provided that when judicial notice of a fact is taken, the court shall instruct the jury to accept that fact as established. Being of the view that mandatory instruction to a jury in a criminal case to accept as conclusive any fact judicially noticed is inappropriate because contrary to the spirit of the Sixth Amendment right to a jury trial, the Committee adopted the 1969 Advisory Committee draft of this subsection, allowing a mandatory instruction in civil actions and proceedings and a discretionary instruction in criminal cases.

H.Rep. No. 93–650, 93d Cong., 1st Sess. 6–7 (1973), U.S.Code Cong. & Admin.News 7075,

---

5. We do not hold that the government may not prove the existence of the required wire communication by circumstantial evidence, but only that it did not do so in this case.

6. *See United States v. Blattel,* 340 F.Supp. 1140 (N.D.Iowa 1972). Somewhat to the contrary is *United States v. Bennett,* 358 F.Supp. 580 (S.D. Tex.1973), in which the court, ruling on a defense motion for judgment of acquittal, found that "Southwestern Bell Telephone Company is clearly a common carrier under 18 U.S.C. § 2510(1) and 47 U.S.C. § 153(h)." *Id.* at 583. It is to be noted, however, that the trial in *Bennett* was to the court without a jury and occurred before enactment of the Federal Rules of Evidence. For these reasons, the particular requirements of Rule 201(g) would not have applied.

7. *See also United States v. Blunt,* 558 F.2d 1245 (6th Cir. 1977), in which we held that proof that Blunt had committed an assault within the confines of the Federal Correctional Institution at Lexington, Kentucky, was a sufficient show-

ing that the crime occurred within the territorial jurisdiction of the United States as defined in 18 U.S.C. § 7(3) (1976). We ruled that the record sufficiently demonstrated " 'practical usage and dominion exercised over the . . . federal establishment by the United States government.' " *Id.* at 1247, *quoting with approval United States v. Erdos,* 474 F.2d 157, 159 (4th Cir.), *cert. denied,* 414 U.S. 876, 94 S.Ct. 42, 38 L.Ed.2d 122 (1973).

*Blunt* went on to note that "[t]he district court would have been correct in taking judicial notice under Rule 201, Federal Rules of Evidence, of the fact that the Institution was within the territorial jurisdiction of the United States." 558 F.2d at 1247. While concluding that territorial jurisdiction under 18 U.S.C. § 7(3) would have been an appropriate subject for judicial notice in the district court, our court did not take judicial notice and did not, as the government asserts, intimate that it would be proper to do so at the appellate level in a criminal case.

7080 (1974). Congress intended to preserve the jury's traditional prerogative to ignore even uncontroverted facts in reaching a verdict. The legislature was concerned that the Supreme Court's rule violated the spirit, if not the letter, of the constitutional right to a jury trial by effectively permitting a partial directed verdict as to facts in a criminal case.[8]

As enacted by Congress, Rule 201(g) plainly contemplates that the jury in a criminal case shall pass upon facts which are judicially noticed. This it could not do if this notice were taken for the first time after it had been discharged and the case was on appeal. We, therefore, hold that Rule 201(f), authorizing judicial notice at the appellate level, must yield in the face of the express congressional intent manifested in 201(g) for criminal jury trials. To the extent that the earlier practice may have been otherwise,[9] we conceive that it has been altered by the enactment of Rule 201.

Accordingly, the judgment of the district court is affirmed.

---

**8.** The Supreme Court of Utah expressed a similar concern in *State v. Lawrence,* 120 Utah 323, 234 P.2d 600 (1951):

> If a court can take one important element of an offense from the jury and determine the facts for them because such fact seems plain enough to him, then which element cannot be similarly taken away, and where would the process stop?

234 P.2d at 603.

**9.** Other cases tried prior to the Federal Rules of Evidence had permitted conclusive judicial notice in a post-verdict proceeding. *E. g., Ross v. United States,* 374 F.2d 97, 103 (8th Cir. 1967) (Blackmun, J.); *United States v. Mauro,* 501 F.2d 45, 49–50 (2d Cir.), *cert. denied,* 419 U.S. 969, 95 S.Ct. 235, 42 L.Ed.2d 186 (1974). *Contra, King v. United States,* 426 F.2d 278, 279 (9th Cir. 1970). *See also Gold v. United States,* 378 F.2d 588 (9th Cir. 1967).