**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Vern K. BLISS, Defendant-Appellee.**

No. 79–2107.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Feb. 18, 1981.

Decided March 3, 1981.

Sara Criscitelli, Atty., Dept. of Justice, Appellate Div., Washington, D. C. (Charles E. Graves, U. S. Atty., Cheyenne, Wyo., with her on brief), for plaintiff-appellant.

James R. Glover, Milwaukee, Wis. (Stephen M. Glynn and James M. Shellow, Milwaukee, Wis., on brief), of Shellow & Shellow, Milwaukee, Wis., for defendant-appellee.

Before HOLLOWAY, BARRETT and LOGAN, Circuit Judges.

BARRETT, Circuit Judge.

The United States of America appeals the entry of two post-verdict judgments of acquittal.

In September 1978, Vern K. Bliss (Bliss) was charged by indictment with misapplying funds held by the First National Bank of Green River, Green River, Wyoming. Following pretrial motions directed to the sufficiency of the charges, a superseding indictment issued alleging four counts of misapplication of bank funds in violation of 18 U.S.C. § 656 and two counts of falsifying bank records in violation of 18 U.S.C. § 1005. In each count, Bliss was identified as "an officer of a member bank of the Federal Reserve System." [R., Vol. I, pp. 52, 53].

Of the six counts charged, the trial judge entered a midtrial judgment of acquittal on one count; the jury acquitted Bliss on three counts; and, the jury handed down ·guilty verdicts on the remaining two counts. On the motion of the defendant, the District Court set aside the guilty verdicts and granted judgments of acquittal on each count. The entry of the judgments of acquittal was premised on the Court's ruling "that an examination of the record ... fails to disclose any evidence that the First National Bank [of Green River] was a member of the Federal Reserve System," as required by 18 U.S.C. § 1005. [R., Vol. III, p. 488].

On appeal,[1] the Government contends: (1) the evidence, viewed in the light most favorable to the jury's verdict, established that the First National Bank of Green River was a member of the Federal Reserve System on the dates the two charged false entries were made, and, (2) the convictions are sustainable on the ground that Bliss was an officer of a national bank.

■ In reviewing the grant of a post-verdict motion for judgment of acquittal, "we must view the evidence and the reasonable inferences therefrom in the light most favorable to the government to determine whether there is sufficient evidence from which a jury could find that the defendant is guilty beyond a reasonable doubt." *United States v. Lopez*, 576 F.2d 840, 843 (10th Cir. 1978). No direct evidence of the First National Bank of Green River's membership in the Federal Reserve System was introduced. Similarly, our review of the record indicates the Bank's status as a member of the Federal Reserve System was not inferentially established by the circumstantial evidence presented at trial.

■ As an alternative theory, the Government contends the guilty verdicts are sustainable on the ground that Bliss was an officer of a national bank at the time of the offenses. 18 U.S.C. § 1005 does, as contended by the Government, encompass both officers of member banks of the Federal Reserve System and national banks. Bliss, however, was charged in his

---

1. No double jeopardy implications are involved here. *United States v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975).

capacity as an officer of a member bank of the Federal Reserve System, not as an officer of a national bank. The jury was charged: "It is incumbent upon the United States, as an essential element of the indictment, to prove that the First National Bank of Green River is a *member of the Federal Reserve System.*" [R., Vol. XVI, p. 1429]. No instruction on the Bank's status as a national bank was given, and no contention is made that such an instruction was requested.

"To uphold a conviction on a charge that was neither alleged in an indictment nor presented to a jury at trial offends the most basic notions of due process. Few constitutional principles are more firmly established than a defendant's right to be heard on the specific charges of which he is accused." *Dunn v. United States,* 442 U.S. 100, 106, 99 S.Ct. 2190, 2194, 60 L.Ed.2d 743 (1979).

Significantly, the only "evidence" of any real probative value the Government pinpoints in the record relating to proof of the Bank's status as a national bank is the post-verdict concession of Bliss' attorney. Such a concession, made in post-trial proceedings, cannot be considered as evidence necessary to sustain a jury's verdict.

We hold that the District Court did not err in granting the motions for acquittal.[2]

AFFIRMED.

---

2. No request for judicial notice of the Bank's status has been made. In any event, we question its propriety. *See United States v. Jones,* 580 F.2d 219 (6th Cir. 1978). Even if proper, we decline to exercise our discretion and judicially notice these facts. Fed.Rules Evid., Rule 201(c), 28 U.S.C.