UNITED STATES of America, Appellee,

v.

Phillip DECKARD, Appellant.

No. 86–1714.

United States Court of Appeals,
Eighth Circuit.

Submitted April 14, 1987.

Decided April 17, 1987.

---

Dorian Amon, St. Louis, Mo., for appellant.

Steven E. Holtshouser, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

HENLEY, Senior Circuit Judge.

Appellant Phillip Deckard was convicted by a jury of wilfully intercepting and endeavoring to intercept wire and oral communications made and sent by and between people over a telephone in violation of 18 U.S.C. § 2511(1)(a). For reversal, appellant argues the district court[1] erred in taking judicial notice that interstate communications are transported over the lines of Southwestern Bell Telephone Company, and in overruling his motions for acquittal because the evidence was insufficient to support his conviction. We affirm.

In early October, 1985 appellant, a private detective, was hired by Joseph Liszewski to locate the address of Deborah Denton. Mr. Liszewski needed the address to serve Ms. Denton with process in a civil lawsuit against her. In late October, 1985 appellant provided Mr. Liszewski with an address on Painted Leaf Drive in Maryland Heights, Missouri. Mr. Liszewski had doubts about the accuracy of the address and requested appellant to verify it, which appellant agreed to do.

Douglas Wheelock and his wife Marisa lived at 2027 Painted Leaf. They shared with Ms. Denton a common front porch, which is where the building's telephone lines entered. At approximately 9:00 p.m. on the evening of November 6, 1985 Mr. Wheelock heard a noise outside his door and, when he opened the door to investigate, he found appellant and an associate crouched over a hole in the porch where the telephone lines ran. After a brief conversation, during which appellant claimed to be a "gas man," appellant and his associate left the scene. When Mr. Wheelock inspected the hole in the porch, he discovered that a tape recorder and a switching device were attached to Ms. Denton's telephone line. Mr. Wheelock and his wife then telephoned Ms. Denton. The first time they heard a message from Ms. Denton's answering machine they hung up. Mr. Wheelock noticed that the tape recorder counter number had moved up. The sec-

---

1. The Honorable George F. Gunn, Jr., United States District Judge, Eastern District of Missouri.

ond time Mrs. Wheelock called she said "Hello" following the message. Mr. Wheelock watched the recorder turn on and move while Mrs. Wheelock heard the message and said "Hello." When the Wheelocks went back into their unit, appellant and his associate ran up to the porch, removed the recording equipment, ran to their car and drove off. Mr. Wheelock recorded the license plate number of the vehicle and called the police. Mr. Wheelock also testified the device appellant bought from the Radio Shack store on November 6, 1985 looked like the device attached to Ms. Denton's telephone lines.

At the close of the government's case in chief appellant moved for judgment of acquittal in part on grounds that the government failed to establish the fact that the wire tap was connected to facilities operated for interstate communications. In overruling that motion the trial judge announced that the court would take judicial notice of the interstate character of the lines of Southwestern Bell serving Ms. Denton's residence and would so instruct the jury.

Again, at the close of all the evidence in overruling a renewed motion for judgment of acquittal, the trial court announced that it would take judicial notice of the interstate aspects of Bell's service, and in fact before oral arguments and before submission of the case to the jury the court stated:

The Court will take judicial notice that interstate wire communications are transmitted through lines of the Southwestern Bell Telephone System including Southwestern Bell telephone facilities utilized by Deborah Denton at 2025 Painted Leaf Drive, Maryland Heights, St. Louis County, Missouri, on or about November 6, 1985.

The Court will also take judicial notice that area code 314 applies to the Southwestern Bell system at 2025 Painted Leaf Drive at the time involved in this case.

I'll give you an instruction later on when I give the other instructions specifically pertaining to what you do with a judicial notice. . . .

Deckard's attack on sufficiency of the record with respect to the interstate character of communications transmitted over the Southwestern Bell lines serving Ms. Denton's residence must fail for two reasons.

■ A district court may at any time during the trial proceeding judicially notice a fact that is generally known or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.[2] Fed.R.Evid. 201(b). In a criminal case, however, when the trial court takes notice of an adjudicative fact the court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed. Fed.R. Evid. 201(g). *See United States v. Jones,* 580 F.2d 219, 223–24 (6th Cir.1978). Here, the trial court meticulously followed the command of Rule 201(g). After having instructed the jury generally on presumption of innocence and burden of proof, in coming to judicial notice the court told the jury:

When the Court declares it will take judicial notice of some fact or event, you may accept the Court's declaration as evidence, and regard as proved the fact or event which has been judicially noticed, but you are not required to do so since you are the sole judge of the facts.

■ Next, it may be noted that apart from judicial notice the record evidence was sufficient to warrant a jury finding of interstate nexus of the telephone service lines in question. Witness Newport, a repair technician for Southwestern Bell who repaired the Denton lines in November, 1985, testified that the lines were owned by Southwestern Bell and that those lines

---

**2.** It is common knowledge that telephone lines carry interstate calls. That several companies now offer long distance telephone service is not, as appellant contends, so inconsistent with that observation as to render such interstate service in and around St. Louis, Missouri inappropriate for judicial notice.

were considered common carrier communication lines.[3]

█ Appellant also contends the evidence did not demonstrate he had the intent to intercept wire communications. However, the record reveals substantial evidence that appellant purchased a tapping device and placed the device on lines leading to Ms. Denton's telephone. Thus, there was ample evidence from which the jury could infer that appellant had the requisite intent. No more was required to support appellant's conviction.

As indicated, the judgment of conviction is affirmed.

**3.** While one of the questions directed to Newport was objected to as leading, no argument is made here that the substance of the testimony is not properly in evidence.