HORTON, J.,
specially concurring.
I write in response to Justice Warren Jones’ idiosyncratic analysis of the issue presented in this case. His views are contrary to those of the committee that submitted Rule 201 to this Court for adoption. Further, if his premise is correct, he should be dissenting, rather than concurring in the decision of this Court.[4]
Justice Jones correctly recognizes that the conversion rate of the avoirdupois ounce to grams is established by law. He then incorrectly characterizes the conversion rate as an “adjudicative fact.” “Adjudicative facts” are “those facts necessary to resolve issues that relate only to the particular ease.” M. Clark, *980 Report of the Idaho State Bar Evidence Committee, C 201, p. 1 (4th Supp. 1985). “The rule does not cover judicial notice of law (foreign, sister state, and domestic) which is considered to be a question of law and is governed by I.R.C.P. 44(d) and Idaho Code § 9-101.” Id.
More significantly, if Justice Jones is correct, Lemmons’ conviction should be vacated. As the Committee warned,
The court should exercise caution before taking judicial notice of facts on post-trial motions or on appeal in criminal proceeding in view of Rule 201(g), which contemplates that a jury in a criminal case should be permitted to determine all the facts in a proceeding. Judicial notice at this stage would recognize a fact as true without a jury determination. More importantly, judicial notice of an adjudicative fact on appeal or otherwise after trial, precluding the jury from determining the fact sought to be noticed, could be viewed as violating the Sixth Amendment right to trial by jury. See, e.g., United States v. Dior, 671 F.2d 351, 358 n. 11 (9th Cir.1982).
M. Clark, Report of the Idaho State Bar Evidence Committee, C 201, p. 3 (4th Supp. 1985). See also United States v. Jones, 580 F.2d 219, 224 (6th Cir.1978) (Congressional rejection of proposed rule that a judicially-noticed fact was conclusively established in criminal was due to concern that the proposed rule “violated the spirit, if not the letter, of the constitutional right to a jury trial.”). If Justice Jones’ view that the ounce to grams conversion is an adjudicative fact is correct, the appropriate remedy would be to vacate Lemmons’ conviction. The interest in “judicial efficiency,” which Justice Jones finds to be so important, does not give this Court license to usurp the jury’s role by making factual finding on appeal.

. Although Justice Jones correctly observes that the conversion rate has been established by the National Institute of Standards and Technology, he incorrectly states that "an ounce is equal to 28.350 grams.” The National Institute of Standards and Technology’s website characterizes the 28.35 gram to one-ounce ratio as an “approximate conversion.” http://www.nist.gov/pml/wmd/ metric/common-conversion-b.cfm (last accessed August 18, 2015). Indeed, that website’s more precise statement of the ratio (28.34952 grams per avoirdupois ounce) is itself merely an approximation. http://physics.nist.gov/Pubs/SP811/ appenB9.html (last accessed August 18, 2015).