[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15686
_____

D.C. Docket No. 4:11-cr-00022-HLM-WEJ-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES CHAPMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 23, 2017)

Before MARTIN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

James Chapman appeals his convictions for conspiracy to distribute and
dispense Oxycodone, Hydrocodone with Acetaminophen (Lorcet), and Alprazolam
(Xanax) for other than a legitimate medical purpose and not in the usual course of
professional practice, in violation of 21 U.S.C. §§ 846 and 841, and for 48 specific
prescribing acts of the same substances for other than a legitimate medical purpose

and not in the usual course of professional practice.  Chapman raises five arguments on appeal; we address them serially.

Chapman argues that the district court committed reversible error when it instructed the jury that Bartow County and Cartersville were located in the Northern District of Georgia.  It further instructed that the jury was free to disregard "the Court's declaration of evidence."  He asserts that the instruction invaded the province of the jury and eliminated the element of venue, which deprived him of due process.

We have stated that a judge may not decide a disputed fact and instruct a verdict in whole or in part.  United States v. Goetz, 746 F.2d 705, 708 (11th Cir. 1984) (citing Roe v. United States, 287 F.2d 435, 440 (5th Cir. 1961)[1]).  However, we also have held that the court may take judicial notice of certain universally undisputed facts.  Federal Rule of Evidence 201 governs judicial notice and covers only adjudicative facts, not legislative facts.  In United States v. Bowers, 660 F.2d 527 (5th Cir. Unit B Sept. 1981),[2] we employed the Eighth Circuit's distinction between legislative and adjudicative facts:  "Legislative facts are established truths,

---

[1]    In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2]    In Stein v. Reynolds Securities, Inc., 667 F.2d 33, 34 (11th Cir. 1982), this circuit adopted as binding precedent decisions issued by Unit B of the former Fifth Circuit after September 30, 1981.

2

facts[,] or pronouncements that do not change from case to case but apply universally, while adjudicative facts are those developed in a particular case." 660 F.2d at 530-31 (quoting United States v. Gould, 536 F.2d 216, 220 (8th Cir. 1976)). In that case, we reasoned that because Fort Benning's status as being under federal jurisdiction was well established and would not change from case to case, it was a legislative fact appropriate for judicial notice and thus not bound by Rule 201's strictures. Id. at 531. The district court in Bowers instructed the jury that "Fort Benning, Georgia, is on land which is property of the United States and is under the jurisdiction of (the) United States." Id. at 530. We held there was no error, even though the district court failed to advise the jury that it was not required to accept as conclusive the judicially noticed fact. Id. at 530-31 (citing Fed.R.Evid. 201(g), renamed 201(f) in 2011).

Under the binding authority of Bowers, the location of Bartow County and Cartersville within the Northern District of Georgia falls under this definition of legislative facts. Thus, the court's instruction was of a legislative fact and it did not invade the jury's province for two reasons. First, the court noticed a legislative fact, the legal status of the place where the crime was alleged to have occurred, but left to the jury the factual determination that the crime had occurred there.[3] See

---

[3] That this was a matter of law is especially true in the case of the notice that Bartow County fell in the Northern District of Georgia because that is found in 28 U.S.C. § 90(a)(3): "(a) The Northern District comprises four divisions. . . (3) The Rome Division comprises the

3

United States v. Hernandez-Fundara, 58 F.3d 802, 810 (2d Cir. 1995).  Thus, the court did not take from the jury the determination that the crime took place in the Northern District.  Second, although it was not required to abide by the constraints of Fed.R.Evid. 201(f) because it noticed legislative facts, the district court included in its instruction to the jury that section's limitation on judicial notice in a criminal case: "[i]n a criminal case, the court must instruct the jury that it may or may not accept the noticed fact as conclusive."  Fed.R.Evid. 201(f).  Other circuits have held that the inclusion of this nonconclusive language ensures that the court has not improperly removed an element from the jury, in the context of adjudicative facts.  See United States v. Bello, 194 F.3d 18, 25-26 (1st Cir. 1999); United States v. Jones, 580 F.2d 219, 223-34 (6th Cir. 1978).  We therefore reject Chapman's argument that the court's instruction violated his right to due process.

Next, Chapman argues that the Government did not prove that he was aware of the illegal conspiracy and failed to prove that he willfully joined it.  Although Chapman challenges the sufficiency of the evidence, we conclude that his challenge is wholly without merit.  The Government's evidence, if not overwhelming, was extremely strong and more than ample to support the verdict.  Similarly, Chapman's challenge to the district court's admission of co-conspirator

---

counties of Bartow, Catoosa, Chattooga, Dade, Floyd, Gordon, Murray, Paulding, Polk, Walker, and Whitfield."

4

statements is wholly without merit.  Again, there was ample evidence—completely aside from the co-conspirator statements themselves—to establish that Chapman was aware of and joined the conspiracy and that the co-conspirator statements were made in furtherance of the conspiracy.  Chapman's challenge to the district court's failure to hold a <u>Franks v. Delaware</u> hearing is foreclosed by our recent decision in <u>United States v. Votrobek</u>, 847 F.3d 1335, 1342-44 (11th Cir. 2017).  Finally, we cannot conclude that the district court abused its discretion in admitting evidence concerning Chapman's alcohol use.

AFFIRMED.

5