UNITED STATES, Appellee,

v.

Robert D. MEAD, Aviation Ordnanceman Airman Recruit, U.S. Navy, Appellant.

No. 43041.

NMCM No. 81–2495.

U.S. Court of Military Appeals.

Sept. 6, 1983.

For Appellant: *Lieutenant Commander Richard K. Delmar,* JAGC, USNR (argued).

For Appellee: *Lieutenant Joseph J. Portuondo,* JAGC, USNR (argued); *Commander W.J. Hughes,* JAGC, USN (on brief); *Captain T.C. Watson, Jr.,* JAGC, USN, *Lieutenant William Eric Minamyer,* JAGC, USNR.

*Opinion of the Court*

EVERETT, Chief Judge:

On February 10, 1981, appellant was tried by a special court-martial, consisting of military judge alone, on nine specifications of a charge drawn under Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. The specifications alleged that on November 14, 1980, Mead had violated Article 1151, U.S. Navy Regulations, 1973, by wrongfully possessing, transferring, or selling marihuana. The judge found appellant guilty on five of these specifications and sentenced him to a bad-conduct discharge, confinement at hard labor and forfeiture of $334.00 pay per month for 6 months.

On March 18, 1981, the convening authority—having observed that "there exists in the record an apparent omission in procedure with respect to the findings"—directed "a proceeding in revision . . . to determine whether the military judge took judicial

notice of Article 1151, U.S. Navy Regulations." Upon convening the proceeding on March 23, 1981, the judge noted that "the record does not indicate whether I took judicial notice of Article 1151, U.S. Navy Regulations, 1973, in this case prior to findings," and then stated:

So, let me indicate clearly on the record as follows: At the time that evidence was being introduced by the government on the merits during the government's case in chief, I was at that time aware of the existence of Article 1151, U.S. Navy Regulations, 1973. Further, I was aware of the terms of the article and of the article's existence at the time of the offenses alleged. I then believed, as I believe now, that, as a matter of law, Article 1151, U.S. Navy Regulations, 1973, was, and is, a lawful and a general regulation.

Now, in finding the accused guilty of these offenses, I found all elements of the offenses alleged to have been proved by legal and competent evidence beyond a reasonable doubt and, of course, in making such findings, I found beyond a reasonable doubt that Article 1151, U.S. Navy Regulations, 1973, was in effect at the time of the offenses. I found beyond a reasonable doubt that the accused was a person who had a duty to obey the regulation and, of course, I was aware of the terms as they operate as elements under the offenses.

Now, of course, I did not indicate I was taking judicial notice prior to findings and, of course, in that sense, the military rules of evidence may have been violated, depending on whether one considers that an adjudicative fact or taking judicial notice of law and, if it's taking judicial notice of law, there's some question, of course, whether the procedures under Military Rule of Evidence 201 apply at all. However, let me indicate that I now do take judicial notice of Article 1151, U.S. Navy Regulations, 1973, and I do

note that it was in existence at the time of the offenses alleged.

Now, I'm taking this judicial notice under the provisions of Military Rule of Evidence 201(c), as such procedural requirements are mandated under both Military Rules of Evidence 201 and 201A. Now, I'm taking this because it's my interpretation of the military rules of evidence that judicial notice can be taken at any stage of the proceedings and this is a stage of the proceedings. Consequently, defense counsel, you now have an opportunity to be heard.

The defense position was that the revision proceeding fell outside the scope of Article 62, U.C.M.J., 10 U.S.C. § 862, and prejudiced appellant's rights. Defense counsel relied especially upon *United States v. Williams*, 3 M.J. 155 (C.M.A.1977),[1] which "clearly states that failure to take judicial notice on the part of the government [sic] is fatal error." According to defense counsel, "the government failed to prove one of the material elements of the offense"; and this failure could not be rectified by a revision proceeding.

The military judge inquired whether defense counsel would have objected if "judicial notice had been stated clearly on the record prior to the entry of findings"; and defense counsel responded in the negative, noting that "[t]he objection is [to] taking judicial notice at this point." Thereupon, the judge ruled, "I still will take judicial notice, and have taken judicial notice, in this proceeding of Article 1151, U.S. Navy Regulations of 1973"; and he adhered to his previously announced findings and sentence. The judge acknowledged that the revision proceeding was "apparently deemed advisable by the convening authority due to the *WILLIAMS* decision." However, he believed that *Williams* had been based erroneously on the Supreme Court's decision in *Garner v. Louisiana*, 368 U.S.

1. In *Williams,* which involved a prosecution under Article 92(1), Uniform Code of Military Justice, 10 U.S.C. § 892(1), our Court held that enumeration of a regulation in the charge sheet did not meet the Government's burden and that

"[t]he defense at trial must be given an opportunity to be confronted with the regulation, and attack it in the same manner as any other element." 3 M.J. 155, 156 (C.M.A.1977).

157, 82 S.Ct. 248, 7 L.Ed.2d 207 (1961), which he believed "concerned adjudicative facts, which were facts which certainly could have been contested by the defense counsel" and "did not involve judicial notice of legislative facts or judicial notice of law." The judge also noted that our Court's decision in *Williams* had preceded adoption of the Military Rules of Evidence. In concluding his opinion from the bench, the judge remarked:

> [H]aving taken judicial notice, or having stated it on the record prior to findings, was a desirable but, nonetheless, unnecessary procedural portion of this trial for the simple reason it seems clear that there would have been no opportunity or no likelihood the defense could have issued any sort of evidence to indicate that Article 1151 was either not a lawful general regulation or was not in existence at the time of the trial.

Then, after noting that the defense counsel had "a continuing objection . . . to the proceedings and to taking judicial notice at this point," the revision proceeding was adjourned.

The convening authority approved the findings and sentence as adjudged by the military judge. Thereafter, in reviewing the case, the staff judge advocate to the supervisory authority discussed judicial notice in some detail and concluded that the judge had acted properly in judicially noticing Article 1151 of the U.S. Navy Regulations. Furthermore, he questioned the rationale of *United States v. Williams, supra,* "and its current validity, following the 1980 implementation of the Military Rules of Evidence." Pursuant to his recommendation, the officer exercising general court-martial jurisdiction approved the findings and sentence, as approved by the convening authority.

Before the United States Navy-Marine Corps Court of Military Review, appellant continued to attack the military judge's taking judicial notice of the general regulation during the revision proceeding. However, in a *per curiam* opinion, the court below affirmed the findings and sentence.

Subsequently, we granted review of these three issues:

## I

WHETHER THE USE OF A PROCEEDING IN REVISION TO ACCOMPLISH PROOF OF AN ESSENTIAL ELEMENT OF THE CHARGED OFFENSES WAS ERROR, REQUIRING THE CONCLUSION THAT APPELLANT'S GUILT OF THE OFFENSES WAS NEVER PROPERLY PROVED.

### Specified Issue 1

WHETHER IN VIEW OF RULE 201 MILITARY RULES OF EVIDENCE IT REMAINS NECESSARY FOR THE MILITARY JUDGE IN A BENCH TRIAL TO ANNOUNCE THAT HE HAS TAKEN JUDICIAL NOTICE OF A REGULATION THAT IS GENERALLY KNOWN THROUGHOUT THE SERVICE.

### Specified Issue 2

IS A REGULATION GENERALLY KNOWN THROUGHOUT THE SERVICE A MATTER OF DOMESTIC LAW THAT A MILITARY JUDGE IN A BENCH TRIAL MAY RECOGNIZE WITHOUT COMPLIANCE WITH THE PROCEDURES SET FORTH IN RULE 201, MILITARY RULES OF EVIDENCE?

## I

Mil.R.Evid. 201, which "governs only judicial notice of adjudicative facts," conforms generally to the corresponding Federal Rule of Evidence. According to the Advisory Committee on the Federal Rules:

> Adjudicative facts are simply the facts of the particular case. Legislative facts, on the other hand, are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body. The terminology was coined by Professor Kenneth Davis in his

article An Approach to Problems of Evidence in the Administrative Process, 55 Harv.L.Rev. 364, 404–407 (1942).[2]

Fed.Rules of Evid., 28 U.S.C.A., p. 53.

Unfortunately, as noted by the Draftsmen's Analysis to Mil.R.Evid. 201:

> The distinction between the two types of facts, originated by Professor Kenneth Davis, can on occasion be highly confusing in practice and resort to any of the usual treatises may be helpful.

Appendix 18, Manual for Courts-Martial, United States, 1969 (Revised edition).

■ Whether or not "domestic law" would otherwise be an "adjudicative fact," Mil.R.Evid. 201A(a) states:

> The military judge may take judicial notice of domestic law. Insofar as a domestic law is a fact that is of consequence to the determination of the action, the procedural requirements of rule 201 apply.

It has been repeatedly held that authorized military regulations have "the force of law." *See, e.g., Standard Oil Company v. Johnson,* 316 U.S. 481, 484, 62 S.Ct. 1168, 1170, 86 L.Ed. 1611 (1942); *Paul v. United States,* 371 U.S. 245, 255, 83 S.Ct. 426, 433, 9 L.Ed.2d 292 (1963). Article 1151 of the U.S. Navy Regulations was issued by the Secretary of the Navy "with the approval of the President"[3]; and so this general regulation clearly was "endowed with 'the sanction of the law.' " *Cafeteria and Restaurant Workers Union v. McElroy,* 367 U.S. 886, 891, 81 S.Ct. 1743, 1746, 6 L.Ed.2d 1230 (1961). Therefore, the general regulation involved in this case would seem to have been subject to judicial notice under Mil.R. Evid. 201A, even though "regulations" are not specifically referred to therein. Moreover, the Draftmen's Analysis of this Rule—which has no counterpart in the Federal Rules—specifically states that "domestic law" includes "regulations of the armed forces." Therefore, pursuant to Mil.R.Evid. 201A(a), judicial notice of a general regulation like Article 1151 is governed by "the procedural requirements of … [Mil.R. Evid.] 201."

In Fed.R.Evid. 201 there are references to the taking of judicial notice by "[a] court"; and this term could apply to both a trial court and an appellate court. *See* Fed.R. Evid. 201(c) and (d). However, Mil.R.Evid. 201 refers to judicial notice by "[t]he military judge," *see* 201(c) and (d); and so, at first blush, it would seem to refer only to judicial notice at the trial level. On the other hand, Mil.R.Evid. 201(f) states that "[j]udicial notice may be taken at any stage of the proceeding"—language which is identical with that of Fed.R.Evid. 201(f). Thus, we assume that the Draftsmen of the Military Rule intended the same outcome that would occur under Fed.R.Evid. 201.

■ According to the Advisory Committee to Fed.R.Evid. 201(f):

> In accord with the usual view, judicial notice may be taken at any stage of the proceedings, whether in the trial court or on appeal. Uniform Rule 12; California Evidence Code § 459; Kansas Rules of Evidence § 60–412; New Jersey Evidence Rule 12; McCormick § 330, p. 712.

Fed.Rules of Evid., 28 U.S.C.A., p. 56. Thus, we conclude that it was intended that Mil.R.Evid. 201(f) would permit judicial notice of a general regulation of an armed force to even be taken by an appellate tribunal.

Fed.R.Evid. 201(g) directs:

> In a civil action or proceeding, the court shall instruct the jury to accept as conclusive any fact judicially noticed. In a criminal case, the court shall instruct the jury that it may, but is not required to,

---

**2.** *See also* Davis, Judicial Notice, 55 Col.L.Rev. 945 (1955); Davis, *Administrative Law Treatise,* Chapter 15 (1958); Davis, A System of Judicial Notice Based on Fairness and Convenience, in Perspectives of Law 69 (1964).

**3.** At the time of trial 10 U.S.C. § 6011 provided:

> United States Navy Regulations shall be issued by the Secretary of the Navy with the approval of the President.

The requirement of Presidential approval was removed on October 14, 1981. *See* Pub.L.No. 97–60, Title II, § 204(a)(2), 95 Stat. 1007.

accept as conclusive any fact judicially noticed.

As originally submitted to Congress, Fed.R. Evid. 201(g) would have made no distinction between civil and criminal trials, "upon the theory that the right of jury trial does not extend to matters which are beyond reasonable dispute." Note of Advisory Committee on proposed Rule 201(g), *reprinted in* 21 Wright and Graham, *Federal Practice and Procedure: Evidence* 447. However, the Committee on the Judiciary of the House of Representatives was "of the view that mandatory instruction to a jury in a criminal case to accept as conclusive any fact judicially noticed is inappropriate because contrary to the spirit of the Sixth Amendment right to a jury trial." Historical Note to Fed.R.Evid. 201. Therefore, it adopted a distinction between civil proceedings and criminal trials.

Mil.R.Evid. 201(g), which, of course, is concerned only with criminal trials, provides that "[t]he military judge shall instruct the members that they may, but are not required to, accept as conclusive any matter judicially noticed." In view of the relationship between Mil.R.Evid. 201 and Mil.R. Evid. 201A, it would seem that, when a general regulation is judicially noticed by a military judge, if the trial is taking place before a court-martial with members, he must instruct them "that they may, but are not required to, accept as conclusive" the terms of the regulation as judicially noticed by him.[4]

If an accused has been tried by a court-martial with members and judicial notice of a general regulation is first taken during appellate review, there is no way for the military judge to "instruct the members that they may, but are not required to, accept as conclusive any matter judicially noticed." Mil.R.Evid. 201(g). Accordingly, if the terms of the general regulation in-

volve an element of an offense—as would be true in a prosecution under Article 92(1)—an accused will be convicted, even though the members have not been instructed as to an element of the offense as required by Mil.R.Evid. 201(g).

In *United States v. Jones,* 580 F.2d 219 (6th Cir.1978), the defendant had been convicted of illegally intercepting telephone conversations of his estranged wife and using the contents of the intercepted communications. While the evidence "at trial showed only that the telephone which Jones had tapped was furnished by South Central Bell Telephone Company, ... the Government offered no evidence to show that South Central Bell was at the time ... 'engaged as a common carrier in providing or operating ... facilities for the transmission of interstate or foreign communications.'" After the jury verdict, the district judge entered a judgment of acquittal "on the ground that the Government had ... failed to prove that the wire communication which the defendant tapped" was being provided by a common carrier engaged in interstate commerce. *Id.* at 221. The Government appealed pursuant to 18 U.S.C. § 3731 and contended that the status of South Central Bell "may reasonably be characterized as a fact within the common knowledge of the jury and that no further record evidence was necessary." Moreover, the Government argued "that such a fact is the proper subject of judicial notice which may be taken at any stage of the proceeding, including appeal, under Federal Rule of Evidence 201(f)." *Id.* at 222. In rejecting this contention, the Court of Appeals stated:

> As enacted by Congress, Rule 201(g) plainly contemplates that the jury in a criminal case shall pass upon facts which are judicially noticed. This it could not do if this notice were taken for the first

---

4. According to Mil.R.Evid. 201A(b), "a determination [as to foreign law] shall be treated as a ruling on a question of law." Moreover, there is no reference to the applicability of Mil.R. Evid. 201. From this, the inference might be drawn that, as to foreign law, the court members would be required to accept as conclusive

the judge's determination. Of course, in most instances a determination as to foreign law will relate to interlocutory questions—such as admissibility of evidence—rather than directly to the issue of guilt or innocence, on which the court members will be instructed.

time after it had been discharged and the case was on appeal. We, therefore, hold that Rule 201(f), authorizing judicial notice at the appellate level, must yield in the face of the express congressional intent manifested in 201(g) for criminal jury trials. To the extent that the earlier practice may have been otherwise, we conceive that it has been altered by the enactment of Rule 201.

*Id.* at 224 (footnote omitted).

In *United States v. Dior,* 671 F.2d 351 (9th Cir.1982), the Government had appealed a judgment of acquittal entered by the trial judge notwithstanding a jury verdict of guilty on a charge that the defendant had knowingly transported stolen merchandise with a value of $5,000 or more in interstate commerce. At trial, the price of the stolen merchandise "in Canadian currency was the only evidence of ... [its] value"; and "[t]he Government failed [either] to introduce evidence of the 1978 exchange rate between American and Canadian currencies" or "to ask the court to take judicial notice of the exchange rate and to instruct the jury pursuant to Fed.R.Evid. 201(g)." *Id.* at 357 (footnote omitted). Citing *Jones,* the Court of Appeals held, over a dissent, that the trial court had acted properly in granting defendant's motion for judgment of acquittal. Rejecting the government contention that, pursuant to Fed.R.Evid. 201, the district judge should have taken judicial notice of the American/Canadian Exchange Rate, the Court of Appeals remarked, "For a court, however, to take judicial notice of an adjudicative fact after a jury's discharge in a criminal case would cast the court in the role of a fact-finder and violate defendant's Sixth Amendment right to trial by jury." *Id.* at 358 n. 11.

Since Mil.R.Evid. 201A subjects "domestic law" to the procedural requirements of Mil.R.Evid. 201, it would seem that the holdings of *Jones* and *Dior* would be applicable to any failure of a military judge to take judicial notice at trial of matters of "domestic law," including "general regulations of the armed forces." On the other hand, matters such as the American/Canadian Exchange Rate or whether Bell Telephone Company is engaged in interstate commerce are clearly closer to the concept of "adjudicative facts" than the provisions of a general military regulation would be. Indeed, with respect to certain aspects of "domestic law," instructing the court members that they may disregard the matter judicially noticed is virtually to invite them to engage in jury nullification. While civilian juries and court-martial members always have had the power to disregard instructions on matters of law given them by the judge, generally it has been held that they need not be advised as to this power, even upon request by a defendant. In the absence of some more specific indication of Presidential intent to change the prior practice in this regard, we are doubtful that Mil.R.Evid. 201A should be viewed as having this effect. Indeed, such a result would seem especially incongruous since matters of foreign law are treated differently under Mil.R.Evid. 201A(b), *see* n. 4, *supra.*

Fortunately, we need not decide in this case under what circumstances "domestic law" must be the subject of instructions under Mil.R.Evid. 201(g) or whether it can ever be judicially noticed on appeal.[5] The situation here is distinguishable in several ways.

█ For one thing, appellant waived trial by court members. Thus, the taking of judicial notice of a general regulation at a later stage of the proceeding would not deprive him of any benefits under Mil.R.Evid. 201(g). Secondly, by means of the revision proceeding, he was given all the benefits to which he was entitled in any

---

**5.** In *United States v. Williams,* 14 M.J. 428 (C.M.A.1983), we may be compelled to rule on similar issues. There, after a trial in which a general court-martial with members had convicted the accused of a kidnapping charged under 18 U.S.C. § 1201(a)(2), which applies only to "the special maritime and territorial jurisdiction of the United States," we ordered a hearing pursuant to *United States v. DuBay,* 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967), to determine whether the place of the kidnapping was within such jurisdiction.

way under Mil.R.Evid. 201. As the convening authority wisely perceived, this case was especially suitable for a revision proceeding. Clearly, the record contained "an apparent error or omission," for the military judge had found that Mead had violated a general regulation but had not taken judicial notice of that regulation or received evidence thereon. One possibility was that the judge had failed to make a matter of record the circumstance that he was taking judicial notice of the regulation. The other was that he had simply overlooked taking such notice. In either event, the situation could "be rectified without material prejudice to the substantial rights of the accused." Article 62, *supra.*

Under Mil.R.Evid. 201(c), the parties were entitled to "be informed in open court" that the military judge was taking "judicial notice of an adjudicative fact essential to establishing an element of the case." Under Mil.R.Evid. 201A, the Navy Regulation was to be treated as "an adjudicative fact;" and certainly it was essential to establish the offenses with which appellant was charged. By reason of the revision proceeding, appellant was "informed in open court" of the taking of judicial notice; and he was given the "opportunity to be heard" which is called for by Mil.R.Evid. 201(e).

In *Garner v. Louisiana, supra,* the State had contended that the trial court had taken judicial notice of the general situation in Louisiana as to race relations. Rejecting this contention, the Supreme Court commented:

There is nothing in the records to indicate that the trial judge did in fact take judicial notice of anything. To extend the doctrine of judicial notice to the length pressed by the respondent would require us to allow the prosecution to do through argument to this Court what it is required by due process to do at the trial, and would be "to turn the doctrine into a pretext for dispensing with a trial" *Ohio Bell Telephone Co. v. Public Utilities Comm'n.,* 301 US 292, 302, 81 L ed 1093, 1100, 57 S Ct 724 [729]. Furthermore,

unless an accused is informed at the trial of the facts of which the court is taking judicial notice, not only does he not know upon what evidence he is being convicted, but, in addition, he is deprived of any opportunity to challenge the deductions drawn from such notice or to dispute the notoriety or truth of the facts allegedly relied upon. Moreover, there is no way by which an appellate court may review the facts and law of a case and intelligently decide whether the findings of the lower court are supported by the evidence where that evidence is unknown. Such an assumption would be a denial of due process. *Ohio Bell,* supra.

368 U.S. at 173, 82 S.Ct. at 256.

The dangers with which the Supreme Court was concerned are absent here. As a result of the revision proceeding, the record reflects that the trial judge took judicial notice of Article 1151. The accused and his counsel were fully informed that judicial notice was being taken of this general regulation; and they were given the opportunity to challenge the accuracy of the matter noticed and the deductions to be drawn therefrom. By means of the revision proceeding, those engaged in appellate review of the case have been enabled to review fully the facts and the law and to decide whether the findings of the trial court are supported by the evidence pursuant to applicable law.

The defense counsel candidly conceded that, if, during the original trial, the judge had sought to take judicial notice of Article 1151, he would have had no objection. Thus the terms and applicability of that regulation clearly were not in dispute. Under the circumstances, we see no meaningful distinction to be drawn because judicial notice was taken during a revision proceeding, rather than at the original trial. Although the judge had already announced his findings and sentence, there is no indication in the record—or any reason otherwise to believe—that at the revision proceeding he would have been predisposed to take judicial notice of a matter which otherwise he would have refused to notice. Accord-

ingly, we are convinced that appellant has not been harmed in any way.

## II

Of course, as the military judge himself recognized, the proper procedure would have been to specifically take judicial notice of the regulation during the original trial. In that connection, the defense would have been given an opportunity to raise any question about the accuracy or applicability of the regulation; and if it had none, then this, too, could have been made a matter of record.

The failure to follow the procedure required under Mil.R.Evid. 201 and 201A obviously would cause additional problems when a trial is conducted with court members. In that case, the failure to take judicial notice would make it impossible to comply with any instructional obligation imposed upon the military judge by Mil.R.Evid. 201(g) and raises questions as to whether a finding of guilty is supported by matters not in the record but considered by the trier of fact.

## III

The decision of the United States Navy-Marine Corps Court of Military Review is affirmed.

Judge FLETCHER concurs.

COOK, Judge (concurring in the result):

I concur with that portion of the opinion which holds that judicial notice may be taken of an existing service regulation and that the procedure followed here was sufficient to correct the failure to specifically notice the regulation during the trial. *See United States v. Rivero,* 532 F.2d 450 (5th Cir.1976); *American Legion Post No. 90 v. First National Bank and Trust Co.,* 113 F.2d 868 (2d Cir.1940); *see also* McCormick's *Handbook of the Law of Evidence* § 335 (E. Cleary, 2d ed. 1972); Thayer, *Preliminary Treatise on Evidence* 279–280 (1898). I have already expressed my opinion of the decision in *United States v. Williams,* 3 M.J. 155, 157 (C.M.A.1977) (Cook, J., dissenting). I, therefore, concur in affirming the decision of the United States Navy-Marine Corps Court of Military Review.