UNITED STATES

v.

Cadet Third Class Philip CHAIREZ, 467–25–8622 United States Air Force.

ACM 24025.

U.S. Air Force Court of Military Review.

Sentence Adjudged 6 May 1983.
Decided 6 Dec. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Kathleen G. O'Reilly.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams, Jr.

Before FORAY, SNYDER and O'HAIR, Appellate Military Judges.

DECISION

SNYDER, Judge:

Contrary to his pleas, the accused was convicted by a military judge sitting as a general court-martial of wrongfully and unlawfully breaking open a United States Post Office Box, in violation of 18 U.S.C. § 1705.[1]  His sentence is dismissal and total forfeitures.

The record of trial does not reflect a request by trial counsel that judicial notice be taken of 18 U.S.C. 1705 or a statement by the trial judge that he was *sua sponte* taking judicial notice of the statute.  A copy of the statute is not attached as an exhibit.

---

1.  18 U.S.C. § 1705 reads as follows:
   Whoever willfully or maliciously injures, tears down or destroys any letter box or other receptacle intended or used for the receipt or delivery of mail on any mail route, or breaks open the same or willfully or maliciously injures, defaces or destroys any mail deposited therein, shall be fined not more than $1,000 or imprisoned not more than three years.

Consequently, appellate defense counsel aver that Mil.R.Evid. (MRE) 201 and 201A [2] were not complied with, and that the failure constitutes prejudicial error.[3] On the instant facts, we find no error and affirm.

Appellate defense counsel rely on *United States v. Mead,* 16 M.J. 270 (C.M.A.1983), as authority for their position. After a detailed analysis of MRE 201 and 201A, the Court concluded as follows: First, service regulations issued by the Secretary concerned are included within the term, "domestic law." Second, when a service regulation is the subject of a charge under Article 92(1), 10 U.S.C. § 892(1), it is one of the elements of the offense, and, as such, is of consequence to the determination of the action; *ergo,* albeit an item of domestic law, the regulation is subject to the procedures of MRE 201. *United States v. Mead, supra,* at 273.

■ We may draw the following conclusions from the principal holdings of *Mead,* as they relate to a bench trial: First, a military judge is not required to follow the procedures of MRE 201 when judicially noting domestic law, unless it is of consequence to the determination of the ultimate issue. Second, when a domestic law is an element of the offense, it is a fact of consequence to the determination of the ultimate issue. Third, whether a domestic law is of such

consequence must be determined on an *ad hoc* basis.

■ After reviewing the facts and circumstances of the instant case, we hold that the trial judge was not required to follow the procedural requirements of MRE 201 in order to take judicial notice of 18 U.S.C. § 1705, because it was not of consequence to the determination of the issue.

Initially, the Government did not depend on the taking of judicial notice to supply the proof of any of the elements of the charged offense. The Government's testimonial and real evidence proved that the accused entered a post office wherein post office boxes were located, and that he willfully broke open a particular post office box.[4] Consequently, the only allegation of the specification not "proved" was the number of the statute prohibiting the accused's conduct, "18 U.S.C. 1705." Under these circumstances, the number of the statute was not a crucial element.

■ It is well settled that if a specification sets out the essential elements of an offense it need not also specify the name or the number of the statute defining the offense, unless the designation is necessary to a proper understanding of the charge. Because the crimes and offenses clause of Article 134, 10 U.S.C. § 834 incorporates all crimes and offenses not capital into the

---

2. Mil.R.Evid. 201 reads as follows:
   (a) Scope of rule. This rule governs only judicial notice of adjudicative facts.
   \* \* \* \* \* \*
   (c) When discretionary. The military judge may take judicial notice, whether requested or not. *The parties shall be informed in open court when, without being requested,* the military judge takes judicial notice of an adjudicative fact essential to establishing an element of the case. (emphasis added)
   \* \* \* \* \* \*
   (e) Opportunity to be heard. A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. *In the absence of prior notification,* the request may be made after judicial notice has been taken.
   Mil.R.Evid. 201A reads as follows:
   (a) Domestic law. The military judge may take judicial notice of domestic law. *Insofar*

as a domestic law is a fact that is of consequence to the determination of the action, the procedural requirements of rule 201 apply.* (emphasis added)

3. Appellate Defense Counsel's Motion For Leave To File Supplemental Assignment of Error is hereby GRANTED.

4. Were the Government relying on judicial notice to prove that the building in question was a post office, or that the box broken was a post office box, we would have a far different situation. The nature of the box is the gravamen of the offense; thus, the accused could litigate that issue before the fact finder. The failure to announce the taking of judicial notice of those matters would deprive the accused of the right to litigate an element of the offense. *See United States v. Mead,* 16 M.J. 270, 274 (C.M.A. 1983) *and cases discussed therein.*

U.C.M.J., this principle also applies to offenses charged under that clause, as well as other articles. *United States v. Hogsett,* 8 U.S.C.M.A. 681, 25 C.M.R. 185 (1958); *see United States v. Clark,* 19 U.S.C.M.A. 82, 41 C.M.R. 82 (1969).

■ It is also well settled that a specification which fails to allege an essential element of an offense is fatally defective and cannot support a conviction. *United States v. Brice,* 17 U.S.C.M.A. 336, 38 C.M.R. 134 (1967). Thus, if the name or number of the operative statute may be omitted from an otherwise sufficient specification, it necessarily follows that it is not an essential element of the offense charged. Not being an essential element of the offense charged in the case *sub judice,* the number of the operative statute was not a fact which was of consequence to the determination of the action. Therefore, the trial judge was not required to inform the parties that he had taken judicial notice of the statute.

Since all of the essential elements of the statute were proved without the aid of judicial notice, the trial judge's announcement of judicial notice would have been merely an acknowledgement that the statute exists,[5] a fact which the accused could not have successfully contested. The Court in *Mead* noted that the accused would not have objected had the trial judge announced he was taking judicial notice of the regulation. Additionally, being a bench trial, the accused was not deprived of any instructions to which he *may* have been entitled. *United States v. Mead, supra.* To find error in the instant case would be similar to finding error in a bench trial for larceny because the trial judge did not announce his notice of Article 121, 10 U.S.C. § 921.

For the reasons stated above, we find no error. However, the primary fact remains that the better practice is for the trial judge to announce his taking of judicial notice.[6]

The accused also avers that his sentence is inappropriately harsh. His rationale is that his act was one of simple vandalism. We disagree. The accused was well aware that he was damaging a postal container. There had to have been numerous other ways he could have vented his personal frustrations. While on one hand he is merely a college student; on the other hand he is on active duty in the Air Force. His conduct was not commensurate with that of a future commissioned officer.

Accordingly, the findings of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge, and O'HAIR, Judge, concur.

---

5. One might argue that to be the case with the regulation in *United States v. Mead, supra.* However, taking judicial notice of a general regulation in an action under Article 92(1) carries more significant consequences. Once the regulation is judicially noted, it relieves the Government, for all practical purposes, of the burden of proving that the accused had actual knowledge of the regulation and that the accused had a duty to obey the regulation. The only way an accused may attack those elements is to show that the regulation is either not general in application or is not punitive.

At any rate, those are questions of law which would not be litigated in front of the fact finder. In the case *sub judice,* taking judicial notice of 18 U.S.C. § 1705 still left the main elements of the offense unproved, in the absence of other evidence.

6. Considering the posture of this case, it may very well be a case where judicial notice could appropriately be taken on appeal. Since *Mead* specifically reserved that issue, we decline to so note.