**UNITED STATES, Appellee,**

v.

**Ricky M. BROWN, Seaman, U.S. Navy, Appellant.**

No. 47,538.
NMCM No. 83–2500.

U.S. Court of Military Appeals.

Aug. 6, 1984.

For Appellant: *Lieutenant Commander Georgia L. Winstead*, JAGC, USNR, and *Lieutenant Daniel Lippman*, JAGC, USNR (on petition).

1. This conduct violated Article 92, Uniform

For Appellee: *Commander W. J. Hughes*, JAGC, USN, and *Lieutenant William V. Cerbone, Jr.*, JAGC, USNR (on petition).

*Opinion of the Court*

EVERETT, Chief Judge:

A special court-martial consisting of a military judge alone convicted appellant of violating Article 1151, U.S. Navy Regulations, 1973, by wrongfully possessing, selling, and transferring 24.31 grams of marijuana on August 3, 1982, and 17.77 grams on August 4, 1982.[1] Brown's sentence to a bad-conduct discharge, confinement and forfeiture of $382.00 pay per month for 3 months, and reduction to the lowest enlisted pay grade was approved by the convening authority, but a portion of the confinement was suspended. The findings and sentence as approved and partially suspended were, in turn, approved by the officer exercising general court-martial jurisdiction.

The Court of Military Review observed in an unpublished opinion dated September 7, 1983:

> During the trial on the merits, the Government neither proved, nor requested the court to take judicial notice of, the existence of Article 1151, U. S. Navy Regulations, a necessary element of the Article 92 offense. While Mil. R. Evid. 201 authorizes a military judge, upon notice to the parties at trial, to take judicial notice of an adjudicative fact even absent a request, the record provides no evidence to suggest that the military judge *sua sponte* utilized this procedural rule to obtain substitute evidence of the regulation's existence.

> Assigning the omission of evidence as to an essential element of a drug offense charged under Article 92, UCMJ, as error, appellant asks us to dismiss the charges and specifications, citing *United States v. Williams*, 3 MJ 155 (CMA

Code of Military Justice, 10 U.S.C. § 892.

1977). We are not at liberty to ignore the clear mandate of *Williams*.

However, the Court of Military Review did not "find ... [*Williams*] to be dispositive as to the remedy which must flow from" the trial judge's failure to take judicial notice of Article 1151. Because it found "that appellant's conduct under the circumstances and facts proven at trial was prejudicial to good order and discipline in the armed forces," *id.* at 2, the court "affirm[ed] only so much of the findings as finds appellant guilty of possession, sale and transfer of 24.31 grams of marijuana on 3 August 1982 and 17.77 grams of marijuana on 4 August 1982, *in violation of Article 134, UCMJ*." [2] *Id.* at 3 (emphasis added).

Thereupon, we granted review of this issue:

> WHETHER THE NAVY–MARINE CORPS COURT OF MILITARY REVIEW COMMITTED PREJUDICIAL ERROR IN AFFIRMING APPELLANT'S CONVICTION ON THE BASIS OF ARTICLE 134 UCMJ WHEN IN FACT APPELLANT HAD BEEN CHARGED AND CONVICTED OF AN OFFENSE UNDER ARTICLE 92 UCMJ.

### I

Because appellant was tried by a military judge rather than by court members, the failure to take judicial notice of the Navy Regulation could have been rectified in a revision proceeding. *See United States v. Mead*, 16 M.J. 270 (C.M.A. 1983). Likewise, the Court of Military Review could have ordered a *DuBay* hearing so that a trial judge could take judicial notice of relevant facts. *See United States v. DuBay*, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967); *see also United States v. Williams*, 14 M.J. 428 (C.M.A. 1983), and 17 M.J. 207 (C.M.A. 1984). Perhaps the Court of Military Review could itself have taken judicial notice of the overlooked Regulation.

However, since the Judge Advocate General of the Navy did not choose to certify any issue as to the correctness of the legal conclusion reached by the Court of Military Review in refusing to affirm appellant's conviction under Article 92, we have no occasion to explore that subject. Instead, for present purposes we must assume that the court below acted properly in disapproving that portion of the finding of guilty which concerned a violation of Navy Regulations.

### II

In prosecutions under the first two clauses of Article 134, we have required the factfinder to determine whether the accused's conduct was service-discrediting or prejudicial to good order and discipline. *Cf. Murray v. Haldeman*, 16 M.J. 74, 80 (C.M.A. 1983). Indeed, court members must be instructed to this effect.

Nothing in the record indicates that any of the participants in the present trial gave attention to whether Brown's drug activity was service-discrediting or prejudicial to good order and discipline. Because the trial was by military judge alone, there was no occasion for instructions on this issue. Counsel did not argue it, and the judge made no findings thereon. While the trial judge probably would have found that appellant's conduct violated Article 134, it is nonetheless true that neither he, trial counsel, nor defense counsel was on notice that such a finding would be material.

When the Court of Military Review affirmed appellant's conviction under Article 134, instead of Article 92, a serious question of notice and due process arose. In *Dunn v. United States*, 442 U.S. 100, 106, 99 S.Ct. 2190, 2194, 60 L.Ed.2d 743 (1979), the Supreme Court stated:

> To uphold a conviction on a charge that was neither alleged in the indictment nor presented to a jury at trial offends the most basic notions of due process. Few constitutional principles are more firmly established than a defendant's right to be heard on the specific charges of which he is accused.

---

**2.** 10 U.S.C. § 934.

In *Cole v. Arkansas*, 333 U.S. 196, 202, 68 S.Ct. 514, 517, 92 L.Ed. 644 (1948), the Court remarked: "To conform to due process of law, petitioners ... [are] entitled to have the validity of their convictions appraised on consideration of the case as it was tried and as the issues were determined in the trial court." In *Chiarella v. United States*, 445 U.S. 222, 236, 100 S.Ct. 1108, 1119, 63 L.Ed.2d 348 (1980), the Supreme Court in reversing the conviction emphasized that "we cannot affirm a criminal conviction on the basis of a theory not presented to the jury."

Thus, affirming the action of the court below would violate appellant's constitutional right to notice of the charge. Moreover, an anomaly would result: When Brown engaged in his drug activities in August 1982, the Table of Maximum Punishments provided a ceiling of 2 years' confinement for disobedience of a general regulation—the offense with which appellant was charged. However, 5 years' confinement was authorized for possession, transfer, or sale of marihuana—the offenses as to which the Court of Military Review affirmed findings of guilty. Thus, the findings approved are each of a greater offense than that for which appellant was tried.

Fortunately, as a result of the enactment of the Military Justice Act of 1983, Pub. L. No. 98–209, 97 Stat. 1393, 1403, the type of issue posed in this case will become an anachronism. Article 112a, 10 U.S.C. § 912a, which takes effect on August 1, 1984, specifically prohibits various forms of drug abuse. After that date, there will be no need to establish that the activity was prohibited by a general regulation or to show that the drug activity prejudiced good order and discipline or was service-discrediting. However, appellant's case must be judged without reference to changes in the law that will take effect in the future. Under the law applicable at the time of the offenses, there simply is no basis upon which to affirm the findings of guilty.

### III

Accordingly, the decision of the United States Navy-Marine Corps Court of Military Review is reversed. The findings and sentence are set aside. The Charge and its specifications are dismissed.

Judge FLETCHER and Senior Judge COOK concur.