**UNITED STATES**

v.

**Tommy J. LONG, Jr., 466 37 8428, Aviation Ordnanceman Airman Apprentice (E-2), U.S. Navy.**

**NMCM 85 0358.**

**U.S. Navy-Marine Corps Court of Military Review.**

Sentence Adjudged 5 Oct. 1984.

Decided 15 March 1985.

LTCOL M.W. Lucas, USMC, Appellate Defense Counsel.

LT P.J. Battin, JAGC, USNR, Appellate Government Counsel.

Before GREGORY, Senior Judge, and MITCHELL and BARR, JJ.

PER CURIAM:

The military judge erred in not advising appellant of the terminal element of Charge IV, that is, that his conduct in breaking restriction was prejudicial to good order and discipline in the armed forces. RCM 910(c)(1), MCM, 1984. A military judge is presumed to know the law of the case and to apply it correctly. Applying this presumption to this case, we conclude that the military judge was aware of the existence of the terminal element, knew that the facts admitted by appellant must support a finding by the military judge that the acts constituted such conduct, and "concluded *as a matter of law* that the facts admitted, and conduct charged, were prejudicial to good order and discipline." *United States v. Hatley,* 14 M.J. 890, 892 (N.M.C.M.R.1982). As the underlying facts admitted by an accused, not his confessional parrotting of the terminal element, determine whether or not the conduct alleged and plead to is prejudicial to good order and discipline, we fail to see how the error of omission—and the failure to acquaint appellant with this element of legal, not factual, conclusions—materially affected a substantial right of appellant. Article 59(a), UCMJ, 10 U.S.C. § 859(a). In fact, we can conceive of no situation in which breaking restriction is not *per se* prejudicial to good order and discipline in an armed force.

Accordingly, the findings and sentence, as modified, reassessed, and approved on review below, are affirmed.