UNITED STATES

v.

Brian J. PARRISH, 020 56 9469, Private First Class (E–2), U.S. Marine Corps.

NMCM 85 1012.

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 25 Sept. 1984.

Decided 29 April 1985.

MAJ Michael E. Canode, USMC, Appellate Defense Counsel.

LT Gary K. Van Meter, JAGC, USNR, Appellate Defense Counsel.

LT John F. Carroll, Jr., JAGC, USNR, Appellate Government Counsel.

Before GREGORY, Senior Judge, and MITCHELL and BARR, JJ.

GREGORY, Senior Judge:

Pursuant to his pleas of guilty, appellant stands convicted of four specifications of wrongful use of marijuana. The sentence adjudged by the military judge, and then approved by the convening authority, provides for a bad conduct discharge, confinement for 60 days, forfeiture of $397.00 per month for two months, and reduction to pay grade E–1.

The four specifications of which appellant stands convicted were all alleged as violations of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a. On appeal, appellant now points out that specification 2 under the Charge alleges wrongful use on 24 July 1984 and that Article 112a only applies to offenses committed on or after 1 August 1984. *See* Military Justice Act of 1983, Pub.L. No. 98–209, § 8, 97 Stat. 1393. For this reason, appellant now contends that the finding of guilty as to specification 2 must be set aside because this specification does not state, and the providence inquiry did not establish, an offense in existence on the date alleged in the specification.

We do not concur in appellant's contention. There is no question that specification 2, as drafted, alleges a violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. Rule for Courts-Martial 307(d) states that: "Error in or omission of the designation of the article of the code or other statute, law of war, or regulation violated shall not be ground for dismissal of a charge or reversal of a conviction if the error or omission did not prejudicially mislead the accused." For this reason, the misdesignation of specification 2 as a violation of Article 112a is not crucial.

An additional factor for consideration, however, is that Article 134 also requires "... that, under the circumstances,

the accused's conduct was to the prejudice of good order and discipline in the armed forces, or was of a nature to bring discredit upon the armed forces." We also find the fact that this terminal element was not expressly alleged in the specification or discussed with appellant during providency is not fatal in this case.

To be sufficient to state an offense, an Article 134 offense need not expressly allege that the accused's conduct was to the prejudice of good order and discipline or to the discredit of the armed forces. Paragraph 213*a, Manual for Courts-Martial, 1969 (Rev.);* Paragraph 60*c* (6)(a), *Manual for Courts-Martial, 1984; United States v. Mayo,* 12 M.J. 286, 293 (C.M.A.1982). As to the providence inquiry, this Court has previously held that failure to advise an accused of the terminal element of Article 134 or to discuss his conduct with him in this light does not materially affect a substantial right of the accused. *United States v. Hatley,* 14 M.J. 890 (N.M.C.M.R. 1982), *pet. denied,* 15 M.J. 291 (C.M.A. 1983); *United States v. Long,* 20 M.J. 657 (N.M.C.M.R.1985). During the providence inquiry, appellant admitted using marijuana on 24 July 1984 in his barracks, conduct clearly to the prejudice of good order and discipline. This Court has adopted "the view that any unauthorized drug use by military personnel is [per se] prejudicial to good order and discipline when [as here] the military has subject matter jurisdiction over the offense." *United States v. Davis,* No. 84 2859 (N.M.C.M.R. 16 October 1984), *pet. denied,* 19 M.J. 295 (C.M.A.1985). This view is based upon the well-established principle that wrongful use or possession, etc. ... of illegal drugs by military personnel has special military significance in light of the debilitating effect of drug use on the ability of the armed forces to perform their constitutional mission, namely, to prepare for and fight wars. *Schlesinger v. Councilman,* 420 U.S. 738, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975); *Murray v. Haldeman,*

16 M.J. 74 (C.M.A.1983); *United States v. Trottier,* 9 M.J. 337 (C.M.A.1980). For this reason, although the failure of the military judge to advise and discuss the prejudice to good order and discipline aspect of his conduct with appellant was error, it did not materially affect appellant's substantial rights since such conduct is implicitly and inherently prejudicial to good order and discipline and service discrediting as a matter of law and logic.

The circumstances of this case are considered distinguishable from those of *United States v. Brown,* 18 M.J. 360 (C.M.A. 1984), where the Court of Military Appeals indicated that, on the record before it, a drug offense charged as a violation of Article 92, UCMJ, could not be affirmed as a violation of Article 134, UCMJ. In *Brown,* the accused was convicted over his plea of not guilty, and in the Article 134 offense affirmed on prior review in that case the accused found himself convicted of a greater offense than that for which he was tried. Neither of these factors are present in the case *sub judice.*

■ Accordingly, the findings of guilty and the sentence as approved on review below are affirmed. We have given careful consideration to appellant's desire to remain in the Marine Corps and successfully complete his enlistment; however, we find the approved sentence, including an unsuspended bad conduct discharge, entirely appropriate in view of appellant's current offenses and his prior disciplinary record.

Judge MITCHELL and Judge BARR concur.