UNITED STATES

v.

**Michael L. HILL, 163 56 5642,
Boatswain's Mate Seaman
(E–3), U.S. Navy.**

NMCM 89 0959.

U.S. Navy–Marine Corps Court of
Military Review.

Sentence Adjudged 17 Jan. 1989.

Decided 21 Feb. 1990.

Capt Dwight H. Sullivan, USMCR, Appellate Defense Counsel.

LT Stephen Ponticiello, JAGC, USNR, Appellate Government Counsel.

Before BYRNE, STRICKLAND and JONES, JJ.

BYRNE, Chief Judge:

Contrary to his pleas, a general court-martial convicted the appellant of nine specifications of making and delivering checks totaling $249.00 without sufficient funds, in violation of Article 123a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 923a, and one specification of false swearing in violation of Article 134, UCMJ, 10 U.S.C. § 934.

The military judge sentenced appellant to confinement for 5 months, to forfeit $450.00 pay per month for 5 months, to be reduced to pay grade E–1, and to be discharged with a bad-conduct discharge. The convening authority approved the sentence.

Appellant asserts the military judge erred by convicting him of the false swearing offense as there was no evidence in the record of trial that proved beyond a reasonable doubt that the Naval Investigative Service (NIS) agent who took his statement was authorized to administer oaths. We agree.

Appellate counsel contend that disposition of this case revolves upon whether the handwritten bottom line of the written statement given by appellant to the agent (wherein it states "SECNAVINST 5520.1B of 3 May 1985") can be read. We believe the mere recitation of a citation to the

instruction, without more, provides an insufficient basis to infer the proof of the actual authority. On its face, it is not evidence that makes an issue of consequence more or less probable, Mil.R.Evid. 401, let alone proof beyond a reasonable doubt that the NIS agent was so authorized. Further, we do not believe that the military judge may indulge in a presumption that SECNAVINST 5520.1B authorized the NIS agent to administer oaths.

■ The military judge did not judicially notice that NIS agents are authorized to administer oaths.[1] As an intermediate appellate court, we may not judicially notice SECNAVINST 5520.1B as authorizing NIS agents to administer oaths because that instruction as domestic law is a fact of consequence to the determination of the case. *United States v. Williams*, 3 M.J. 155 (C.M.A.1977); *United States v. Chairez*, 17 M.J. 787 (AFCMR 1983). *See also* Saltzburg, Schinasi, and Schlueter, *Military Rules of Evidence Manual*, 75–76 (2nd ed. 1986). *Cf.*, Mil.R.Evid. 201A(a). *But see* dictum in *United States v. Brown*, 18 M.J. 360, 361 (C.M.A.1984).

Consequently, the findings to guilty to Charge II and its sole specification are set aside and the charge is dismissed. The findings as to Charge I and its specifications are affirmed.

Upon reassessment, only so much of the sentence as provides for confinement for 5 months, forfeiture of $450.00 pay per month for 5 months, and reduction to pay grade E–1, is affirmed.

Judge STRICKLAND and Judge JONES, concur.

---

1. We note trial defense counsel's argument on his motion for a finding of not guilty that "there's been no evidence even that the NIS agent, Mr. Kilnapp, is qualified to administer oaths" was denied by the military judge without elaboration. R. 198–99. The same defense argument was made relative to the findings on the merits. R. 249.