**UNITED STATES, Appellee,**

v.

**Private E2 Gregory L. CZASTER, 077–64–5098, United States Army, Appellant.**

**ACMR 9101033.**

U.S. Army Court of Military Review.

18 June 1992.

For Appellant: Captain Alan M. Boyd, JAGC, Captain Robert H. Pope, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Timothy W. Lucas, JAGC (on brief).

Before De GIULIO, HAESSIG, and ARKOW, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a military judge sitting as a general court-martial. He entered mixed pleas. Pursuant to his pleas of guilty, he was found guilty of failure to obey a lawful order and misbehavior of a sentinel, in violation of Articles 92 and 113 Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 913 (1982) [hereinafter UCMJ]. Contrary to his pleas, he was found guilty of twenty-nine specifications of making worthless checks and one specification of false swearing, in violation of Articles 123a and 134, UCMJ, 10 U.S.C. §§ 923a and 934 (1982). He was sentenced to a bad-conduct discharge, confinement for one year and three months, total forfeitures, and reduction to Private E1. The convening authority approved the sentence.

Appellant asserts that the military judge erred by finding him guilty of the false swearing offense because no evidence was introduced to prove beyond a reasonable doubt that the criminal investigator who took the statement was authorized to administer the oath. We disagree and affirm.

At trial, Roger Peace was called as a witness for the prosecution. He testified that he was a Criminal Investigation Command (CID) agent. After Agent Peace properly advised appellant of his rights, appellant falsely stated that he did not write the thirty-five checks shown to him by the agent, that he only wrote eleven or twelve checks, that he only wrote one of three checks to a Private First Class Wilson, and that someone must have removed some checks from his drawer. The statement was reduced to writing and sworn by appellant. Agent Peace administered the oath to the appellant. Agent Peace testified he was authorized to conduct investigations and authorized to administer the oath by Article 136(b)(4), UCMJ.[1] He testified further that it was standard procedure for an agent to obtain a sworn statement.

Appellant bases his contention that the evidence is insufficient to prove false swearing upon *United States v. Hill*, 31 M.J. 543 (N.M.C.M.R.1990). In *Hill*, the court determined that a mere reference to a Navy instruction, without more, was insufficient to prove that an individual is authorized to administer oaths. In *United States v. Simmons*, 33 M.J. 883 (A.C.M.R. 1991), this Court held that the recitation under the signature of "Signature of Person Authorized to Administer Oath" and a recitation that the authority to administer the oath was "Investigating Officer" was both factually and legally sufficient to prove that element of the offense of false swearing. *See also United States v. Halley*, 34 M.J. 1071, 1074–75 (A.C.M.R.1992).[2] We do not believe our holdings in *Simmons* and *Halley* are contrary to *Hill*. Assuming they are interpreted as contrary, however, we will not follow *Hill*.

Testing the false swearing offense for legal sufficiency, we hold that a reasonable factfinder, after weighing the evidence in a light most favorable to the government, could have found all essential elements of the offense of false swearing beyond a reasonable doubt. *See Jackson v. Virgi-*

---

1. Article 136(b)(4), UCMJ, 10 U.S.C. § 936(b)(4), provides that all persons detailed to conduct an investigation who are on active duty or performing inactive-duty training may administer oaths necessary in the performance of their duties.

2. Although *Halley* was issued after appellant's brief was filed in this case, *Simmons* had al-

ready been published. We note that counsel is required to disclose legal authority which is directly adverse to counsel's position. Dep't. of Army, Pam. 27–26, Rules of Professional Conduct for Lawyers, Rule 3.3(a)(3) (31 Dec. 1987). We believe, however, that counsel's failure to cite *Simmons* was inadvertent.

*nia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The evidence is legally sufficient to support the finding of guilty to false swearing. Testing for factual sufficiency, after weighing the evidence of record and making allowances for not having personally observed the witnesses, this Court is convinced of appellant's guilt of false swearing beyond a reasonable doubt. *See* UCMJ art. 66(c), 10 U.S.C. § 866(c); *United States v. Turner,* 25 M.J. 324 (C.M.A.1987).

The assertions of error personally raised by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), are without merit.

The findings of guilty and the sentence are affirmed.

Judge HAESSIG and Judge ARKOW concur.